REX BATES *v.* STATE OF INDIANA

[No. 2-178A32. Filed October 25, 1978.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *Robert W. Hammerle,* Deputy Public Defender, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

SULLIVAN, J. — Rex Bates was charged with and convicted by jury of six counts of violating the Indiana Controlled Substances Act. Counts One and Two charged Bates with, respectively, Sale and Possession of Phencyclidine, a Schedule III drug, on January 4, 1977. Counts Three and Four charged Bates with, respectively, Sale and Possession of Phencyclidine on March 2, 1977. Counts Five and Six charged Bates with, respectively, Sale and Possession of Secobarbital, a Schedule III drug, on March 2, 1977.

The jury failed to assess a penalty in rendering a verdict. The trial court imposed three concurrent sentences of eight years on Counts One, Three and Five, the delivery charges. The trial court did not sentence Bates on Counts Two, Four and Six, the possession charges.

On appeal, Bates contends that:

(1)  because the jury failed to assess a penalty in rendering its verdict, the sentences should be reduced to a minimum provided by statute; and

(2)  the evidence was insufficient to support the verdict.

I.

Bates was charged under IC 35-24.1-4.1-2(a)(1) (Burns Code Ed. 1975), which provides for a determinate prison term of not less than five years nor more than twenty years. The jury, in rendering its verdict, failed to assess any penalty, in contradiction of the mandates of IC 35-8-2-1 (Burns Code Ed. 1975). The remedy for this error, which has been declared fundamental, *Beasley v. State* (1977), 267 Ind. 396, 370 N.E.2d 360; *Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822, is the reduction of the sentence to the minimum penalty. *Fultz v. State* (1976), 265 Ind. 626, 358 N.E.2d 123.

II.

Detective Coate of the Indiana State Police testified that, while acting as an undercover narcotics officer, he purchased a gram of Phencyclidine from Bates for $75.00 on January 4, 1977. On March 2, 1977, Coates also purchased two grams of Phencyclidine and four capsules of Secobarbital from Bates for $150.00. Fred Huttsell, Indiana State Police Chemist, testified that the substances purchased from Bates were in fact Phencyclidine and Secobarbital. The evidence was sufficient to support the verdicts.

## III.

We note sua sponte that Counts Three and Five charge Bates, respectively, with the delivery, during the same transaction, of Phencylidine and Secobarbital, both Schedule III drugs.

In *Martin v. State* (1978), 176 Ind.App. 99, 374 N.E.2d 543, (transfer den. 8/14/78), defendant was convicted and sentenced, pursuant to IC 35-24.1-4.1-7 (Burns Code Ed. 1975),[1] on three counts of possession of certain controlled substances listed on Schedules I, III and IV. The Third District of this court remanded, holding that the trial court erred in imposing judgments on each of the three counts.

The statute under which Bates was sentenced, IC 35-24.1-4.1-2,[2] is the "dealing" counterpart to the statute construed in *Martin v. State, supra.* By analogy, we hold that Bates was erroneously sentenced upon two counts, each charging the sale of a Schedule III drug during the same transaction.

Accordingly, the cause is remanded with instruction to vacate judg-

---

1. *"Possession of a controlled substance.* — (a)    A person is guilty of possession of a controlled substance if without a valid prescription or order of a practitioner acting in the course of his professional practice, or except as otherwise authorized by this article [35-24.1-1-1 — 35-24.1-6-1c], the person knowingly possesses any controlled substance classified on schedule I, II, III, IV or V, except marijuana or hashish.    (b) Possession of a controlled substance is a felony punishable by a determinate term of imprisonment of not less than one year nor more than ten [10] years and a fine not to exceed one thousand dollars [$1,000]."

2. *"Unlawful dealing in a controlled schedule I, II or III substance.* — (a)    Except as authorized by this article [35-24.1-1-1 — 35-24.1-6-1c], a person is guilty of unlawful dealing in a schedule I, II or III controlled substance if he:    (1) knowingly manufactures or delivers a controlled substance, pure or adulterated, classified in schedule I, II or III, except marijuana or hashish; or (2) possesses with intent to manufacture or deliver a controlled substance, pure or adulterated, classified in schedule I, II or III, except marijuana or hashish.    (b) Unlawful dealing in a schedule I, II or III, controlled substance is a felony punishable by a determinate term of imprisonment of not less than twenty [20] years nor more than life and a fine not to exceed five thousand dollars [$5,000] if the person has previously been convicted of a felony other than unauthorized possession of marijuana involving a schedule I, II or III controlled substance. Otherwise unlawful dealing in a schedule I, II or III controlled substance is a felony punishable by a determinate term of imprisonment of not less than five [5] years nor more than twenty [20] years and a fine not to exceed two thousand dollars [$2,000]."

ment and sentence upon either Count Three or Count Five, and to reduce the penalty to two concurrent sentences of five years.[3]

Shields and Miller, JJ. concur.

NOTE — Reported at 381 N.E.2d 552.

---

3. The record reflects that Bates retained a residue of each substance after both transactions. Thus, possession of the controlled substances was not a lesser included offense of the delivery offense. *See Kruckeberg v. State* (1978), 268 Ind. 643, 377 N.E.2d 1351.