Harold PERRY, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 3–1280A365.

Court of Appeals of Indiana,
Fourth District.

April 13, 1981.

Rehearing Denied May 19, 1981.

John P. Gemmer, Ft. Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Carolyn M. Brawner, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

This case is a consolidation of two causes: No. 3–1080–A–335 and No. 3–1280–A–365. In the first Perry appeals from a three year sentence entered upon his conviction of three counts of possession of marijuana, IC 35–48–4–11. In the second the trial court revoked a previously suspended sentence for cultivation of marijuana, IC 35–24.1–4.-1–11(a)(2) and imposed the original sentence of one to ten years to run consecutively with the three year sentence. He raises the following issues:

I. Whether there is sufficient evidence to support a finding that defendant was in constructive possession of marijuana.

II. Whether the trial court erred in revoking his suspended sentence because the possession conviction is not supported by sufficient evidence?

■ We *sua sponte* note that the three counts of possession charged differ only in the alleged weight of the controlled substance.[1] Essentially Perry was sentenced for three offenses all arising out of the violation of one statute, IC 35–48–4–11, all occurring at the same time, February 27, 1978. The Indiana courts have found that a defendant can only be charged with one offense in this situation. *Martin v. State,* (1978) Ind.App., 374 N.E.2d 543 (where the defendant was in simultaneous possession of narcotics listed on more than one schedule); *see also Duncan v. State,* (1980) Ind., 412 N.E.2d 770 (where the defendant delivered several controlled substances listed on different schedules during one transaction) and *Bates v. State,* (1978) Ind.App., 381 N.E.2d 552 (where the defendant delivered two controlled substances listed on the same schedule during one transaction). Since Perry could only be charged with one count of possession of marijuana, this case must be remanded for re-sentencing.

### I. CONSTRUCTIVE POSSESSION

■ Perry contends the State only proved his presence at the location at which the marijuana was seized, i. e., his home which he shared with his wife and children. We agree that proof of presence alone is insufficient to prove constructive possession when the defendant is not in exclusive control of the premises. *Ledcke v. State,*

1. The information reads:

COUNT I—POSSESSION OF MARIJUANA

Charles Hampshire being duly sworn upon oath says that:

On or about the 27th of February, 1978, at and in the County of Noble and State of Indiana, Harold Perry did then and there knowingly possess marijuana in the aggregate weight of 25 grams, and the said Harold Perry has a prior conviction for an offense involving marijuana;

All of which is contrary to the form of the statute in such cases made and provided, to wit: I.C. 35–48–4–11 and against the peace and dignity of the State of Indiana.

COUNT II—POSSESSION OF MARIJUANA

Charles Hampshire being duly sworn upon oath says that:

On or about the 27th of February, 1978, at and in the County of Noble and State of Indiana, Harold Perry did then and there knowingly possess marijuana in the aggre-

gate weight of less than thirty grams, and the said Harold Perry has a prior conviction for an offense involving marijuana;

All of which is contrary to the form of the statute in such cases made and provided, to wit: I.C. 35–48–4–11 and against the peace and dignity of the State of Indiana.

COUNT III—POSSESSION OF MARIJUANA

Charles Hampshire being duly sworn upon oath says that:

On or about the 27th of February, 1978, at and in the County of Noble and State of Indiana, Harold Perry did then and there knowingly possess marijuana in the aggregate weight of 52 grams, and the said Harold Perry has a prior conviction for an offense involving marijuana;

All of which is contrary to the form of the statute in such cases made and provided, to wit: I.C. 35–48–4–11 and against the peace and dignity of the State of Indiana.

(1973) 260 Ind. 382, 296 N.E.2d 412. To prove constructive possession there must be the additional elements of "intent and capability to maintain control and dominion", *Thomas v. State*, (1973) 260 Ind. 1, 291 N.E.2d 557, 558, over the substance. "Among the additional circumstances that will support an inference of intent to control the contraband is close proximity of the contraband to items owned by the accused." *Watt v. State*, (1980) Ind.App., 412 N.E.2d 90, 98.

 Here the evidence at trial was that on February 20, 1978, an informant was taken to what he was told to be Perry's residence. While there he was introduced to Perry. His statements and actions led him to believe it was Perry's residence. Perry told him there was marijuana growing out back and showed him pictures of plants growing from a photo album in the living room. On February 27, 1978, several Indiana State Police officers went to the Perry residence to serve an arrest warrant. Perry gave them a written consent to search his residence. During that search they found numerous incriminating pieces of paraphernalia, bags of seeds, boxes of marijuana seedlings, photographs of growing marijuana (one of which included defendant in the picture) and three bags of marijuana. One of these bags was found in a dresser drawer in Perry's bedroom. We believe this is sufficient evidence from which one could draw a reasonable inference that Perry intended to maintain control and dominion over marijuana. Therefore, there is sufficient evidence to support the trial court's conclusion that Perry was in constructive possession of marijuana.

## II. REVOCATION

Perry contends the trial court erred in revoking his suspended sentence on the basis of the possession conviction because, in his opinion, that conviction should be reversed. Since we have determined that Perry's possession conviction is supported by sufficient evidence and affirmed it as such there is no longer a basis for this argument.

Accordingly, in 3–1280–A–365 the revocation of the suspended sentence and imposition of the original sentence is affirmed. In 3–1080–A–335 the conviction on one count is affirmed and the cause is remanded with instructions to vacate the sentence on the other two counts.

YOUNG, P. J., and MILLER, J., concur.