Lyndell MORGAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–581A132.

Court of Appeals of Indiana,
Third District.

Oct. 29, 1981.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Carolyn M. Brawner, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

After a bench trial, Lyndell Morgan was convicted of illegally possessing morphine,[1] a class D felony, for which he received a two year sentence. Morgan contends on appeal that the trial court erred in denying his motion to suppress the morphine. He asserts that the morphine was inadmissible because the police obtained it after an unlawful investigatory stop of the van he was driving.

Affirmed.

The investigatory vehicle stop and warrantless seizure of the morphine were not unlawful. The following evidence from the record supports our conclusions: Fort Wayne narcotics officers, suspecting that Mary Gravat was illegally selling drugs, set up a surveillance of the Gravat residence and sent in undercover officer Mike Jacoby to make a purchase. Before Jacoby had made his purchase, Morgan arrived and was told by Gravat that she would take care of him when she was through with Jacoby. Gravat then took Jacoby into another room and sold him some drugs. During their transaction, Gravat told Jacoby that Morgan had to be careful because he had a prior drug conviction.

After Jacoby left the Gravat home, he radioed fellow narcotic officer Alan Marquardt. Jacoby told Marquardt that he suspected Morgan was buying some drugs from Gravat, and that he wanted Marquardt to stop Morgan a few blocks from the surveillance. Approximately fifteen minutes later, Morgan left Gravat's and drove away in his van. Marquardt followed Morgan's van and radioed for assistance from a uniformed officer in a marked car. A few minutes later the marked car arrived and activated its police lights.

When Morgan stopped his van, Marquardt approached the passenger's side while uniformed officer Douglass Lucker approached the driver's side. Marquardt looked through the window on the passenger's side and saw Morgan throwing white pills, about one-half the size of aspirin, under the engine cover. As Morgan got out of the van, officer Lucker saw him throw some pills onto the ground. Marquardt picked up the pills Morgan had thrown on the ground and then placed him under arrest. A laboratory analysis of these pills showed they contained morphine.

Morgan contends the police officers did not have reasonable suspicion to conduct an investigatory vehicle stop. Because the officers seized the morphine as a result of an unlawful stop, Morgan asserts that the evidence was inadmissible.

Morgan's contention must fail in light of the evidence in the record indicating the officers made a lawful investigatory stop. Under appropriate circumstances, police officers may stop a vehicle to briefly investigate the possibility of criminal activi-

1. IC 1976, 35–48–4–6 (Burns Code Ed., 1981 Supp.)

ty, without having probable cause to make an arrest. *Terry v. Ohio* (1968), 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 905; *Edwards v. State* (1980), Ind.App., 411 N.E.2d 666, 668; *Mayfield v. State* (1980), Ind.App., 402 N.E.2d 1301, 1306. To justify an investigatory stop, the officers must be able to point to specific and articulable facts which, when considered together with the rational inferences drawn from those facts, create a reasonable suspicion of criminal conduct on the part of the vehicle's occupants. *Reid v. Georgia* (1980), 448 U.S. 438, 440, 100 S.Ct. 2752, 2753, 65 L.Ed.2d 890, 893; *Mayfield, supra.*

Officer Jacoby testified that he based his decision to stop Morgan on the following information: (1) Morgan's presence at Gravat's house; (2) Gravat's statement to Morgan that she would be with him when she was through with Jacoby; and (3) Gravat's statement to Jacoby during their drug transaction that Morgan had to be careful because of a prior drug conviction. We find this information sufficient to instill in an undercover narcotics officer a reasonable suspicion that Morgan was at the Gravat residence to buy drugs, and that he would have these drugs with him when he left. Therefore, the investigatory stop of Morgan was lawful.

Having determined that the officers were justified in stopping Morgan, we find the warrantless seizure of the morphine and its admission at trial proper. Ordinarily, a search warrant is a condition precedent to a valid search and seizure. *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576; *Ludlow v. State* (1974), 262 Ind. 266, 314 N.E.2d 750. However, objects observed in plain view by a police officer who is lawfully in a position to have such a view are not the products of a "search" within the meaning of the Fourth and Fourteenth Amendments. *Jones v. State* (1980), Ind.App., 409 N.E.2d 1254, 1258; *Cooper v. State* (1976), 171 Ind. App. 350, 357, 357 N.E.2d 260, 264. Because the officers were justified in stopping Morgan and would then, naturally, approach his van, they were lawfully standing next to it when he threw the pills into their view. We therefore find the pills were properly seized. The trial court did not err in admitting the pills as evidence.

Affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.