**Albert L. SAVAGE a/k/a Thomas Taylor Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–8612–CR–1014.

Supreme Court of Indiana.

June 2, 1988.

Sheila Suess Kennedy, Mears & Crawford, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Albert Savage was found guilty by a jury on August 6, 1986, of the crime of Robbery, a class B felony, and was also found to be an Habitual Offender. The trial court subsequently sentenced Savage to a term of twenty (20) years for the robbery conviction, enhanced by thirty (30) years for the finding of habitual criminal, for a total term of fifty (50) years.

Three issues are presented for our consideration in this direct appeal as follows:

1.  error in denying Savage's Motion to Suppress certain State's exhibits based on a claim they were obtained as a result of a warrantless search;

2.  error in denying Savage's Motion to Suppress the victim's out-of-court identification and in-court identification; and

3.  insufficient evidence to sustain the conviction.

The facts favorable to the judgment show that on the night of April 10, 1986, victim Hester Zaunders rode a city bus to the stop at Meridian and Washington Streets in Indianapolis. The bus arrived at this point about 11:55 p.m. Zaunders waited for fifteen to twenty minutes for friends to arrive to give her a ride. She then went across the street to use the telephone. She was unable to reach her friends and walked back across the street to the bus stop. She observed Savage pacing back and forth across the street. He had been there about fifteen minutes prior to her using the telephone. She saw he was wearing a long coat and a crushed hat. He kept pacing and watching Zaunders and she noted that his eyes never left her. She remained at the bus stop about ten minutes longer, then started walking east on Washington Street hoping to hail a taxi. As she walked east past the City County Building, she saw that Savage kept pace with her on the other side of the street. She continued walking, and about a block east of the AFNB Building she heard footsteps coming across the street. Zaunders turned, looked, and saw Savage running across the street toward her. Savage rushed at Zaunders and grabbed her purse, knocking her to the ground. She saw him go back across the street and then lost consciousness. She regained consciousness a few minutes later and flagged down a cab. She told the driver of the incident and requested he take her to the police station. The driver stated he had seen the police up the street and took her to the Atlas Hotel. There were police officers at the hotel and she told them of the robbery and beating. An ambulance was called and medical technicians treated Zaunders for facial injuries. She later was taken to the hospital for further treatment.

The police had originally been called to the Atlas Hotel to investigate a man who had fled from another officer and ran into the hotel. When Zaunders arrived the police had already gone through the hotel and talked to people there, including Savage. Zaunders related the details of the robbery and described the property her assailant had taken. While the police were searching the hotel, one of the ambulance medics heard someone throw something out of a

third floor window into the alley on the west side of the hotel. He discovered a black purse lying in the alley and informed a policeman. Zaunders identified the purse as hers. Police found a .22 caliber revolver, which was not Zaunders' property, in the purse. They also found a packet of jelly which had broken open and smeared the contents of the purse. After being notified the purse had been discovered, the police immediately checked the rooms on the west side of the hotel. All of the rooms on the west side, except for the one Savage occupied, were unoccupied and padlocked from the outside. The police knocked on Savage's door and he answered it. They explained why they were there and, while standing at the door, observed, underneath the bed, a jacket which matched Zaunders' description of her attacker's clothing. They also observed the open window and .22 caliber ammunition on the window sill. A pair of tan pants was draped over the chair. The police entered the room and gave Savage his *Miranda* warnings. At that time, Savage produced his hat and police had him put on his jacket and hat, and took him downstairs to see if Zaunders could identify him. She positively identified Savage as the man who had robbed her. Savage's coat had a sticky, jelly-like substance on it.

## I

■ Savage moved to suppress items of evidence police obtained in his room on the grounds police did not have a valid search warrant. Neither Savage nor the State identify the specific items except by exhibit number. Because the parties' contentions are general in their application to all the exhibits, it is not necessary to examine the transcript and identify each exhibit individually. We do note Savage did not object when Exhibits 6, 7, 8, 9, and 10 were offered and admitted into evidence. Therefore Savage waived any error there might be in regard to those exhibits. *Taylor v. State* (1984), Ind., 469 N.E.2d 735, 738; *Hill v. State* (1982), Ind., 442 N.E.2d 1049, 1052. Savage did object at trial to the admission of Exhibits 5, 7, and 11, apparently on the grounds they were obtained as the result of a warrantless search, although again the briefs are not clear on this subject. Even assuming this to be correct, we find the trial court did not err in overruling the motion to suppress and admitting the exhibits. A search warrant is a condition precedent to a valid search and seizure unless the exigencies of the situation mandate an immediate response. *Morgan v. State* (1981), Ind.App., 427 N.E.2d 14, 16; *Rihl v. State* (1980), Ind.App., 413 N.E.2d 1046, 1049. To justify a warrantless search the State must demonstrate the search falls within one of the exceptions to the warrant requirement, and must also demonstrate the existence of probable cause. The facts necessary to demonstrate the existence of probable cause for a warrantless search are not materially different from those which would authorize the issuance of a warrant if presented to a magistrate. *Harrison v. State* (1981), Ind., 424 N.E.2d 1065, 1068. *See also Short v. State* (1982), Ind., 443 N.E.2d 298; *Cochran v. State* (1981), Ind.App., 429 N.E.2d 672.

■ The validity of a warrantless search turns upon facts and circumstances of each case. *Short*, 443 N.E.2d at 302–303; *Rhil*, 413 N.E.2d at 1051; *Harrison*, 424 N.E.2d at 1068. At the time of the incident at the Atlas Hotel, the police were aware that a robbery had occurred and had probable cause to believe the perpetrator was in the hotel. One of the medics attending to Zaunders' injuries observed her purse being thrown from an open window on the third floor of the hotel into an alley. The police went to that floor and Zaunders immediately identified her purse. Police found Savage in the only occupied room in that area of the hotel. They observed from the door that the window overlooking the alley was open and that Savage's appearance matched Zaunders' description of her attacker. Savage claims there were discrepancies in description of the color of the clothing found in the room, but these are matters more of credibility than grounds for finding a failure of probable cause. Zaunders described a long coat and a crushed cap. There was some question whether the police understood whether the

coat was tan or green, and what color the cap was, but the clothing otherwise matched Zaunders' description. The police immediately took Savage downstairs to confront Zaunders, who positively identified him. The colors of the articles of clothing were the same as she originally described to police.

Apparently Savage was sought by police on some other disturbance in the area, although the record does not reflect what that was. Be that as it may, the police had probable cause to go to that particular room and continue their investigation. They were able to observe from the open door facts that gave further probable cause to believe Savage was the man they sought. Identification of Savage by Zaunders, the observation of .22 caliber shells on the window sill, the .22 caliber pistol in Zaunders' purse, and the jelly smears in the purse and on Savage's jacket, gave police sufficient probable cause to arrest Savage and secure the exhibits obtained from his room. The court properly permitted the items into evidence.

## II

■ Savage claims the trial court erred by overruling his motion to suppress and subsequently admitting over his objection evidence of Zaunders' out-of-court identification. Savage contends Zaunders identified him because the police employed suggestive identification procedures. It is well established that one-on-one confrontations, even though suggestive, are proper in circumstances where they occur immediately after the crime is committed. The details of the crime would be fresh in the victim's mind and would thus be less likely to give rise to later misidentification. *Whitlock v. State* (1981), Ind., 426 N.E.2d 1292, (confrontation 45 minutes after armed robbery); *Poindexter v. State* (1978), 268 Ind. 167, 374 N.E.2d 509, (show up 15 minutes after robbery at scene of crime); *Atkins v. State* (1977), 175 Ind.App. 230, 370 N.E.2d 985, (show up ten minutes after robbery). Here, Zaunders identified the perpetrator shortly after the crime occurred, near the scene of the crime.

Savage again claims the discrepancy as to colors of the hat and coat are important, but the witnesses explained the discrepancies. Furthermore, it does not appear Zaunders' identification of Savage was necessarily based on the color of his clothing. Zaunders had observed Savage for some time. She had seen him on the corner of Washington and Meridian, at the bus stop down the street, while he was following her, and at the time he grabbed her purse and knocked her to the ground. She unequivocally identified him when she saw him at the hotel and also did so in court. Under these facts and circumstances, the court properly admitted into evidence Zaunders' out-of-court identification of Savage. The facts giving rise to the out-of-court identification also justify permitting Zaunders to identify Savage in court. We therefore find no error on either of these issues.

## III

■ Finally, Savage claims there was insufficient evidence to support the jury's verdict that he was the one who committed the robbery. The credibility of the witnesses and the evidence was for the jury to weigh and not this court. We neither weigh the evidence nor the credibility of the witnesses but consider only the evidence most favorable to the State together with all reasonable inferences that may be drawn therefrom. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672. Savage's contentions here are based to a large extent on the identification procedures addressed in the previous issue. Savage claims his fingerprints were not found on the purse and therefore there was no evidence linking him to the robbery other than Zaunders' testimony, which was suspect. The facts show there was more than sufficient evidence before the jury to justify the finding beyond a reasonable doubt that Savage was the one who committed this robbery.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.