Eric YOUNG, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee.

No. 49A02–8911–CR–608.

Court of Appeals of Indiana,
Second District.

Jan. 16, 1991.

Opinion on Rehearing
March 19, 1991.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Margarett L. Knight, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Eric Young (Young) appeals his convictions of possession of cocaine as a class C felony, and possession of cocaine as a class D felony.

We affirm in part and reverse in part.

On August 8, 1988, Indianapolis Police Officer Welton stopped a car driven by Young after observing Young commit a traffic infraction. There was also one passenger in the car with Young. Officer Welton recognized the passenger as Walter Bunch, and knew that there was an outstanding warrant on Bunch for "fleeing." Record at 73, 276. Officer Welton did not immediately recognize Young but shortly after remembered assisting in a previous narcotics arrest of Young.

Officer Welton asked Young for his driver's license and registration. Young was unable to produce any registration. The officer then radioed for assistance in arresting Walter Bunch and ran a check on the license plates on the car. The check revealed that the plates belonged on a different car. Officer Welton then engaged in conversation with both men to try to keep them calm while waiting for back-up assistance to arrive. During the conversation, the officer heard what he thought was a beeper signal. He asked which of the men had a beeper. Young responded that neither of the two had a beeper and that the noise probably came from his watch.

The back-up officer arrived and placed Walter Bunch under arrest. After Bunch was in custody, Officer Welton returned to the automobile and asked Young to exit the vehicle. Officer Welton testified that he knew Young had previously been arrested for possession of a sawed-off shotgun, and he was concerned for his safety. Officer Welton looked inside of the vehicle and discovered a beeper. The officer then conducted a pat-down search of Young. During the search, Officer Welton noticed that there was a large sum of money protruding from Young's pocket and asked Young where he got it. Young responded that he won the money gambling. The officer also noticed a piece of plastic sticking out of the top of Young's pants and asked Young if he had something in his pants. Young stated that he did not. The officer requested Young to undo his pants. Officer Welton testified that Young then "stuck his hand down his pants, pushing something down." Record at 306. Officer Welton asked Young what he had pushed down his pants, but Young did not respond. Officer Welton asked Young to finish undoing his pants and then pulled Young's pants away from his body. Officer Welton then saw a small plastic baggie containing what the officer suspected to be cocaine. Officer Welton retrieved the baggie and placed Young under arrest.

Young's car was impounded. A subsequent search of a spray can found on the back floorboard of the car revealed a plastic bag containing three smaller bags of cocaine.

Young presents the following issues which we restate:

(1) Whether the court erred in denying Young's Motion to Suppress Evidence and in subsequently admitting into evidence over defense counsel's objection, evidence found during the search of Young and his automobile;

(2) Whether finding Young guilty of two counts of possession of cocaine is contrary to the law and evidence.

I.

Young argues that the court erred in denying his Motion to Suppress Evidence and in admitting evidence obtained as a result of the search of Young and the later search of Young's car.

■ Young first contends that the stop of his vehicle and warrantless search of his person violated the Fourth Amendment prohibition against unreasonable searches and seizures. Officer Welton testified that he stopped Young because he observed Young run a stop sign prior to making a right-hand turn. Failure to obey a stop sign constitutes an infraction under I.C. 9–4–1–33(a) and 9–4–1–127.1(b) (Burns Code Ed.Repl.1987). The officer was therefore justified in stopping Young for the purpose of issuing a traffic citation. In addition, once the officer recognized Walter Bunch and knew that there was an outstanding warrant for him, the officer was justified in detaining the two men until the back-up police officer arrived and Bunch was placed under arrest.

We next examine the police officer's actions toward Young. It is not a violation of

the Fourth Amendment for a police officer to request the driver of a vehicle lawfully detained to exit the vehicle. *Pennsylvania v. Mimms* (1977) 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331; *State v. Pease* (1988) 1st Dist. Ind.App., 531 N.E.2d 1207. The *de minimus* intrusion occasioned by the request is far outweighed by the legitimate interest in the officer's protection. This is so even where nothing specific indicates that the officer's personal security may be in jeopardy. *Mimms, supra; Poling v. State* (1987) Ind., 515 N.E.2d 1074. *Mimms* also permits the officer to briefly detain the driver outside the car while completing the investigation. *See, New York v. Class* (1986) 475 U.S. 106, 106 S.Ct. 960, 89 L.Ed.2d 81.

■ Whether Officer Welton's "frisk" of Young was reasonable depends upon the circumstances presented. In *Terry v. Ohio* (1968) 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the Supreme Court held that an individual stopped or detained upon reasonable suspicion of criminal activity may be frisked or patted down for weapons if the police officer holds a reasonable belief that the individual may be armed and dangerous. In the present case, Officer Welton testified that he was aware Young had a prior arrest for possession of a sawed-off shotgun, and that his cursory search of the vehicle which lead to the discovery of the beeper and the pat down search of Young were motivated by safety concerns. The searches were therefore aimed at weapons and fall within the exception created in *Terry, supra*. *See, Collett v. State* (1975) 3d Dist., 167 Ind.App. 185, 338 N.E.2d 286 (police officer's previous information that defendant carried a gun sufficient to justify pat down search).

Young places much reliance upon the opinion of our First District in *State v. Pease* (1988) 1st Dist. Ind.App., 531 N.E.2d 1207. In that case the court affirmed the trial court's decision sustaining the defendant's motion to suppress evidence. The defendant, Pease, had been stopped by a police officer because the windshield of the car Pease was driving was cracked. The officer asked Pease to step out of the car and conducted a pat down search of him. During the search, the officer felt a hard object in Pease's upper shirt pocket and questioned Pease about it. Pease reached for the pocket and then turned and ran, discarding the object.

Our First District held that, although the officer was justified in stopping Pease for violation of the unsafe vehicle statute, the officer was not justified under *Terry* in conducting a weapon's pat down. The court held that there was no evidence supporting a reasonable belief by the officer that Pease was armed and dangerous. Therefore, *Pease* is dissimilar from the case presented here. Officer Welton was familiar with Young and knew that Young had previously been arrested for possession of a shot gun. The pat down of Young was therefore reasonable to ensure Officer Welton's safety.

■ More troubling is Officer Welton's subsequent warrantless search of Young's pants. It is clear that the type of pat down search authorized by *Terry, supra*, is limited to a search for weapons. The Supreme Court has determined that the officer's safety is paramount to the intrusion occasioned by a frisk for weapons. *Terry, supra*, 392 U.S. at 23, 88 S.Ct. at 1881. In the present case, however, the search of Young's pants occurred after the frisk for weapons and Officer Welton testified at the Motion to Suppress hearing that he knew the item in Young's pants was not a weapon. Therefore, the search of Young's pants does not fall within the exception enunciated in *Terry*.

Generally, a search conducted without a warrant is unreasonable under the Fourth Amendment. *Coolidge v. New Hampshire* (1971) 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. In *Savage v. State* (1988) Ind., 523 N.E.2d 758, 760, our Supreme Court stated:

"A search warrant is a condition precedent to a valid search and seizure unless the exigencies of the situation mandate an immediate response. *Morgan v. State* (1981), Ind.App., 427 N.E.2d 14, 16; *Rihl v. State* (1980), Ind.App., 413 N.E.2d 1046, 1049. To justify a warrantless search the State must demonstrate the search falls within one of the exceptions to the warrant requirement, and must also demonstrate the existence of probable cause. The facts necessary to demonstrate the existence of probable cause for a warrantless search are not materially different from those which would authorize the issuance of a warrant if presented to a magistrate."

Probable cause to conduct the search exists if the facts and circumstances, together with the knowledge of the officer conducting the search, are sufficient "to warrant a person of reasonable caution to believe that an offense has been or is being committed." *Bergfeld v. State* (1988) Ind., 531

N.E.2d 486, 490; *see also Robles v. State* (1987) Ind., 510 N.E.2d 660, *cert. denied* 487 U.S. 1218, 108 S.Ct. 2872, 101 L.Ed.2d 907.

We therefore must examine the facts and circumstances to determine whether Officer Welton had probable cause to search Young. Officer Welton testified that when asked, Young was unable to produce a registration for the vehicle he was driving. Officer Welton also determined that the plates on the vehicle belonged on a different vehicle. Officer Welton was aware that Young had previously been arrested on a drug charge. Further questioning of Young proved unsatisfactory. Young lied about having a beeper and appeared to be carrying an unusually large amount of cash in his pockets which he claimed to have won gambling. Finally, Officer Welton observed a piece of plastic protruding from the top of Young's pants. When questioned, Young denied having anything in his pants and attempted to push it down and conceal it. These facts and circumstances sufficiently give rise to a reasonable belief by Officer Welton that Young was in possession of contraband. Therefore probable cause existed to search Young. *Cf. Ybarra v. Illinois* (1979) 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238, which held seizure of heroin from person of defendant violative of the Fourth Amendment but in which, unlike the case before us, defendant "made no movements that might suggest an attempt to conceal contraband, and said nothing of a suspicious nature." 100 S.Ct. at 342.

■ Moreover, the situation presented Officer Welton with exigent circumstances justifying an immediate search.

"Exigent circumstances may justify a warrantless search where there is probable cause. However, that exception is not 'a *per se* rule to be applied indiscriminately to ... every object that has the capacity for movement. Rather, its application should depend upon an evaluation of attendant circumstances.'" *Robles, supra,* 510 N.E.2d at 664, *quoting United States v. Valen* (3d Cir.1973) 479 F.2d 467, 470, *cert. denied* 419 U.S. 901 [95 S.Ct. 185, 42 L.Ed.2d 147].

In *Robles,* the court noted that exigent circumstances may exist when the suspect is traveling in a moving vehicle, which can quickly transport the suspect from the jurisdiction. *Robles, supra,* 510 N.E.2d at 665, *citing Payne v. State* (1976) 3d Dist., 168 Ind.App. 394, 343 N.E.2d 325. Exigent circumstances may also exist when the officer is faced with actual or imminent destruction or removal of evidence before a search warrant may be obtained. *Sayre v. State* (1984) 3d Dist., Ind.App., 471 N.E.2d 708, *trans. denied, cert. denied* 475 U.S. 1027, 106 S.Ct. 1226, 89 L.Ed.2d 336. In the present case Officer Welton was faced with circumstances of sufficient exigency to justify a warrantless search.

The search in question was not based upon mere hunch or suspicion. Under the totality of the circumstances as they developed during the investigation and triggered by Young's conduct with relation to the plastic seen protruding from his pants, and in light of the exigencies of the occasion, we hold the seizure of the packet of cocaine to have been valid and not unreasonable under the Fourth Amendment.

Young argues that the later search of his vehicle after he was arrested was tainted and constituted "fruit of the poisonous tree." *See, Wong Sun v. United States* (1963) 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. We first note that the officers who searched the car did so pursuant to a valid search warrant. Moreover, we have held that the first search was not illegal and the evidence obtained as a result of the second search was not therefore tainted.

## II.

Young argues that the court's finding of guilty on two counts of possession of cocaine is contrary to the law and the evidence. First, Young argues that the evidence is insufficient to support two separate crimes of possession of cocaine.

■ Young was originally charged with Dealing in Cocaine, a class A felony, and Possession of Cocaine, a class D felony. After a bench trial, the court found Young guilty under Count I of possession, a class C felony, and guilty under Count II as charged.

We agree with Young's position. Possession of cocaine is an inherently included lesser offense of dealing in cocaine. *Mason v. State* (1989) Ind., 532 N.E.2d 1169, 532 N.E.2d 1169. Therefore, the court was permitted to find Young guilty of possession of cocaine as a lesser included offense under Count I, which charged Young with dealing. However the evidence is insufficient to support two separate convictions for possession.

In *Duncan v. State* (1980) Ind., 412 N.E.2d 770, 776, our Supreme Court held that a single sale of drugs

"between the same principals at the same time and place which violates a single statutory provision does not justify conviction of and sentence for separate crimes even though more than one controlled substance is involved."

In reaching this result, the court found persuasive the following language of the United States Supreme Court in an analogous situation:

"if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." *Duncan, supra,* 412 N.E.2d at 775, *quoting Bell v. State* (1955) 349 U.S. 81, 84, 75 S.Ct. 620, 622 [75 S.Ct. 620, 99 L.Ed. 905].

Possession of cocaine is proscribed by I.C. 35–48–4–6 (Burns Code Ed.Supp.1990). The offense is a class D felony if the defendant possesses less than three grams of cocaine, and becomes a class C felony if the defendant possesses three grams or more of cocaine. The facts favorable to the judgment reveal that, at the time Young was stopped, he had 1.3529 grams of cocaine on his person and 8.1005 grams of cocaine in a spray can found in his car. Although the cocaine found in the spray can was not discovered until several hours after Young was arrested, Young's original possession of both packages of cocaine was simultaneous. We therefore conclude that Young was charged and convicted, in effect, of two violations which arose from his single act of simultaneous possession of two packages of cocaine. Indiana courts have found, in such situations, that a defendant may properly be convicted of but one offense. *Perry v. State* (1981) 4th Dist., Ind.App., 418 N.E.2d 1214; *Bates v. State* (1978) 2d Dist., 178 Ind.App. 153, 381 N.E.2d 552; *see also Jackson v. State* (1982) Fla.App., 418 So.2d 456. The court erred in convicting and sentencing Young on two counts of possession of cocaine.

Young argues that he was denied his lawful presumption of innocence because the evidence is insufficient to prove that he had constructive possession of the spray can containing over eight grams of cocaine, and therefore his conviction for possession, a class C felony, should be reversed.

A conviction for possession of cocaine may rest upon either actual or constructive possession. *Corrao v. State* (1972) 3d Dist., 154 Ind.App. 525, 290 N.E.2d 484. To demonstrate constructive possession, the State must prove that the defendant had the intent and ability to maintain control and dominion over the cocaine. *Lewis v. State* (1985) 2d Dist., Ind.App., 482 N.E.2d 487. Young argues that because there was a passenger in the car, the evidence was insufficient to establish that Young had control over the spray can. The evidence shows, however, that Young was the driver of the car in which the cocaine was found. Constructive possession of items found in an automobile may be imputed to the driver of the vehicle. *Corrao, supra,* 290 N.E.2d at 488. The evidence is sufficient to support an inference that Young, and not the passenger in the vehicle, had control over the spray can and was therefore in constructive possession. Young was not denied his lawful presumption of innocence.

The trial court is instructed to vacate the conviction under Count II, possession of cocaine as a class D felony. The judgement is otherwise affirmed.

SHIELDS, P.J., concurs.

CHEZEM, J., concurs in part, dissents in part, and files separate opinion.

CHEZEM, Judge, concurring in part and dissenting in part.

I concur in Issue I and I respectfully dissent as to Issue II. Young possessed two separate packages of cocaine. The packages were dissimilar in size and not in close physical proximity. The logic of two separate possessions making one crime escapes me despite the authority cited by the majority.

OPINION UPON REHEARING

SULLIVAN, J.

On January 16, 1991 in *Young v. State* (1991) 2d Dist., Ind.App., 564 N.E.2d 968, we affirmed a Class C felony conviction for possession of cocaine but reversed a Class D felony conviction, also for possession of cocaine.

We held in part as follows:

"... at the time Young was stopped, he had 1.3529 grams of cocaine on his person and 8.1005 grams of cocaine in a spray can found in his car. Although the cocaine found in the spray can was not discovered until several hours after Young was arrested, Young's original possession of both packages of cocaine was simultaneous. We therefore conclude that Young was charged and con-

victed, in effect, of two violations which arose from his single act of simultaneous possession of two packages of cocaine. Indiana courts have found, in such situations, that a defendant may properly be convicted of but one offense. (Citations omitted)." 564 N.E.2d at 973.

The State has filed its Petition for Rehearing requesting that we adopt the position advocated by Judge Chezem in her separate opinion which dissented in part. The State cites *Diggs v. State* (1988) Ind., 531 N.E.2d 461, in support of its petition.

At first blush, *Diggs* would appear to permit two separate possession convictions under the facts before us. In that case, however, the discussion was had in a context different from that which confronts us. The issue in *Diggs* related to the quantity of cocaine contained in various State exhibits and whether the quantity in at least two of those exhibits was sufficient to support separate Class D felony convictions.

Be that as it may, unlike the facts before us, the facts recited in *Diggs* do not disclose that the drugs found on his person when he was booked in at the jail, had been in his possession at the time when he was arrested at the house where other quantities were seized. To be sure, under the circumstances, a reasonable inference might be drawn to that effect but not compelled. In any event, we do not believe the message in *Diggs* is so clear as to require the granting of the State's petition.

The author of this opinion upon rehearing takes issue with an assertion in the State's petition that the Indiana Supreme Court has rejected "one transaction decisions". The *Diggs* case, along with *Seay v. State* (1990) Ind., 550 N.E.2d 1284 is cited.

The "same transaction" or "continuous occurrence" test continues to be applied in various cases. See e.g. *Ellis v. State* (1988) Ind., 528 N.E.2d 60. Most recently, and subsequent to the decision in *Diggs*, the court applied the *Ellis* "identical incident" test and reversed one of two convictions for acts which "took place simultaneously on one occasion". *Bowling v. State* (1990) Ind., 560 N.E.2d 658, 660. If change or clarification is to be forthcoming, it is not within the prerogative of this Court.

SHIELDS, J., concurs with separate opinion.

CHEZEM, J., dissents.

SHIELDS, P.J.

### SEPARATE OPINION CONCURRNG IN RESULT IN THE OPINION UPON REHEARING

I concur in Judge Sullivan's Opinion Upon Rehearing in so far as it reaffirms the reversal of Young's class D felony conviction of possession of cocaine on the ground Young simultaneously possessed the cocaine which formed the basis for that conviction and the cocaine which formed the basis for his class C felony conviction. Young's double jeopardy protection is breached by multiple convictions based upon the location Young had the cocaine which he simultaneously possessed, be it in part in his left trousers' pocket and in part in his right trousers' pocket, or in part in his right trousers' pocket and in part underneath the car seat on which he sat, or, as here, in part on his person and in part in a spray can in his car from which he was removed immediately following the vehicle's stop. The essence of the offense of possession is the possession. Thus, just as the simultaneous possession of a stolen watch and a stolen wallet constitutes but one offense of theft, so too, the possession of the cocaine on a particular occasion is but one offense; the effect of the accumulated quantity possessed is to aggravate the possession rather than to break it into multiple possessions.

I specifically disagree with Judge Sullivan's reference to the "same transaction" or "continuous occurrence" test.