**Darren STEPHENS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9110–CR–442.**

Court of Appeals of Indiana, Second District.

March 23, 1992.

Transfer Denied May 14, 1992.

John F. Crawford, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Darren Stephens appeals his conviction for dealing in cocaine, a class A felony.[1]

We reverse.

1. *See* IC 35–48–4–1 (1991 Supp.).

## ISSUES

1. Whether the trial court committed reversible error in admitting into evidence at trial an incriminating statement made by Stephens during the preparation of a pre-sentence report.

2. Whether the evidence is sufficient to support Stephens' conviction for dealing in cocaine.

3. Whether Stephens can be convicted and sentenced for both possession of cocaine and dealing in cocaine.

## FACTS

At approximately 3:55 a.m. on September 6, 1989, Officer Frank Poskon attempted to execute a warrant to search for cocaine and drug-related materials at Stephens' residence. When Poskon and another officer arrived, they observed Stephens walking toward his car. Poskon approached Stephens and identified himself as a police officer. Stephens ran from Poskon and Poskon followed but could not catch Stephens. During the chase, Stephens discarded a small plastic bag containing a white, powdery substance. Poskon retrieved the bag which was later determined to contain cocaine.

Poskon and the other officer proceeded to Stephens' apartment and executed the search warrant. The officers discovered over twelve grams of cocaine, plastic baggies, scissors, and a small weight scale inside a metal box on a hallway shelf.

Stephens was charged with two counts of possession of cocaine, one count of dealing in cocaine, one count of conspiracy to deal in cocaine, and one count of resisting law enforcement.

The parties entered into a plea agreement which was submitted to the trial court for approval. The agreement was that Stephens was to plead guilty to conspiracy to deal in cocaine in exchange for the State dismissing all other charges and recommending a sentence of ten to twenty years. As required by IC 35–35–3–3 (1988), the trial court ordered a pre-sentence re-

port. Stephens met with Laura Ann Ferich, the author of the completed pre-sentence report. The report recounted an admission made by Stephens that he possessed and sold the subject cocaine. Subsequently, the trial court rejected the plea agreement.

Stephens testified at his trial. On cross-examination and over Stephens' objection, the State introduced the incriminating pre-sentence report statement for impeachment purposes:

Q. Do you recall talking to the pre-sentence writer Laura Ann Ferich and telling her that the cocaine and the scales were yours and you give it away, you don't sell it, you give it away to your friends. You buy the cocaine from your sources and you only sell a small amount, and therefore, you do not consider yourself to be a dealer. Do you recall saying that?

A. Do I recall saying that? I may have, I'm not sure.

Record at 141–42. The State referred to this statement during its closing argument.

Stephens was convicted and received concurrent sentences for dealing in cocaine, one count of possession of cocaine[2] and resisting law enforcement.[3]

## DISCUSSION

### I. & II.

■ On appeal, Stephens claims the trial court committed reversible error by allowing the State to introduce into evidence the self-incriminating statement he made during the pre-sentence report interview. Stephens argues the incriminating statement should have been excluded because it was made as part of the plea agreement process.

In *Moulder v. State* (1972), 154 Ind.App. 248, 289 N.E.2d 522, this court first held an incriminating statement made during the plea negotiation process is privileged and inadmissible if the defendant does not subsequently plead guilty. The rationale for

---

2. *See* IC 35–48–4–6 (1988).

3. *See* IC 35–44–3–3(a)(3) (1988).

the privileged status of such communications is the belief plea agreements should be encouraged as an essential component of the criminal justice system. *See id.*, 289 N.E.2d at 526. Subsequently, the inadmissibility of plea agreements and communications made concerning plea agreements was addressed by the legislature. Ind. Code 35–35–3–4 (1988) reads: "A plea agreement, or verbal or written communication concerning the plea agreement, may not be admitted into evidence at the trial of the case, should the plea agreement not culminate in approval by the court."

The policy favoring plea agreements convinces us that the legislature intends to include within the category of plea agreement communication any communication necessary to effectuate the plea agreement. Statements made during the course of a pre-sentence report interview fall within this penumbra. A pre-sentence report is required prior to the court accepting or rejecting a plea agreement whenever the plea agreement indicates "that the prosecuting attorney anticipates that the defendant intends to enter a plea of guilty to a felony charge." IC 35–35–3–3(a) (1991 Supp.). In addition, IC 35–38–1–9(b)(1) (1991 Supp.) requires a pre-sentence investigator to gather information concerning the "circumstances attending the commission of the offense." The subject statement is such a statement. Accordingly, it was error for the trial court to allow the State to question Stephens about his self-incriminating statement.

■ Further, an examination of the evidence convinces us the admissible evidence of Stephens' guilt is not overwhelming and, therefore, the State's questioning Stephens regarding this prejudicial statement constitutes reversible error. *See Boyd v. State* (1986), Ind., 494 N.E.2d 284, 294 (where a conviction is supported by overwhelming or substantial, admissible evidence of guilt, any error is harmless and reversal is not merited).

The evidence here is that although the apartment was leased to a third party, Stephens and his wife had their names on the mail box, and Stephens received mail at that address as early as four months prior to the day of the police search. The evidence also reveals that Stephens was seen leaving the apartment building just prior to the search and when officers approached and identified themselves, he fled from the officers, dropping a plastic bag containing cocaine. Thus, because the evidence is that Stephens did not have exclusive possession of the apartment in which the cocaine was found, the fact finder could determine only that Stephens' possession of the cocaine was constructive.

Constructive possession requires the intent and the capability to maintain dominion and control over the illegal drugs. *Everroad v. State* (1991), Ind.App., 570 N.E.2d 38, 53. Stephens' previous presence where the cocaine was located is not, by itself, sufficient to support a finding of constructive possession. *Id.* That finding requires additional circumstances which point to his knowledge of the contraband and its presence. *Bergfeld v. State* (1988), Ind., 531 N.E.2d 486, 490. While circumstances exist here such that the evidence is sufficient to sustain a conviction for possession with intent to deliver, the evidence is not sufficiently overwhelming to overcome the erroneous admission of Stephens' incriminating statement.

### III.

■ Because it could arise upon retrial, we raise *sua sponte* the issue whether Stephens can be convicted and sentenced for both possession of cocaine and dealing in cocaine under the facts of this case.

Stephens was charged with, among other offenses, two separate counts of possession and one count of dealing in cocaine. The trial court properly held Stephens could not be punished for both possession and dealing of the cocaine found inside the apartment closet. *See Collins v. State* (1988), Ind., 520 N.E.2d 1258, 1261 (possession of controlled substance is included offense of dealing in controlled substance); *Young v. State* (1991), Ind.App., 564 N.E.2d 968, 971–72 (possession of cocaine is an inherently included offense of dealing in cocaine).

However, neither can Stephens be convicted of possession of the cocaine he

dropped outside the apartment as he fled from Poskon. In *Young v. State,* this court held a defendant in possession of cocaine simultaneously, even if some of the cocaine is discovered at a later time, has committed only one criminal act of possession. 564 N.E.2d at 972. The essence of the crime of possession of cocaine is the act of possessing cocaine on a particular occasion, without respect to the location, quantity,[4] or the number of individual packages of cocaine possessed. *See id.* at 973 (separate concurring opinion upon rehearing). Thus, at most, Stephens committed only one act of possession of cocaine and he cannot be convicted and sentenced for both dealing in cocaine and possession of cocaine. Therefore, upon retrial, if Stephens is again convicted of dealing, his possession conviction must be set aside.

Stephens' conviction of dealing in cocaine is reversed and cause remanded for a new trial.

BUCHANAN and CONOVER, JJ., concur.

---

**4.** The total quantity of cocaine possessed on a particular occasion and the location of the cocaine do, however, determine what class felony the defendant has committed. *See* IC 35–48–4–6 (1988) (possession is a class D felony but it becomes a class C felony if the quantity is three grams or more, a class B felony if the quantity is less than three grams and location is within 1000 feet of school property or on a school bus, and a class A felony if the quantity is more than three grams and the location is within 100 feet of school property or on a school bus).