4 THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EMILIO PEREZ, Respondent.—Order, Supreme Court, Bronx County (David Levy, J.), entered March 3, 1987, which granted defendant's motion to suppress physical evidence and statements made at the time of his arrest (CPL art 710), affirmed.

Defendant was arrested after the car in which he was the passenger, a late-model BMW, was stopped by the police. The car was observed to lack a front license plate. When the police followed the vehicle for a period of approximately 30 seconds from a distance estimated to be only 10 feet, with no intervening traffic, the car was further observed to be lacking a rear license plate.

After the BMW stopped, with the police vehicle (a medallion taxicab) close behind, defendant exited from the passenger side holding a black and gold plastic bag, looked at the officers in the taxi, and walked quickly away. A police officer, in civilian attire but wearing his badge around his neck and holding a police radio, asked defendant repeatedly to stop, in both Spanish and English, but defendant continued to walk a distance of 30 feet from the car before the pursuing officer caught up with him.

Defendant appeared nervous and was "fidgeting". When the police officer saw defendant place the plastic bag he was holding under his left arm, the officer became apprehensive and felt the bag, allegedly detecting something hard inside. He took the bag from defendant and, upon inspection, found that it held a clear plastic bag containing a white substance, later determined to be two pounds of cocaine. The defendant and the driver were then placed under arrest.

On the way to the precinct house, defendant told the police that the driver knew nothing about the package. The People allege that not until the vehicle was inspected at the precinct house did the arresting officer notice that a temporary New Jersey license was affixed to the rear window of the BMW.

The hearing court found that the driver of the BMW stopped of his own accord, that the vehicle had a valid temporary license and that the license was clearly seen by the arresting officer. The court further determined that defendant's actions in exiting the vehicle and walking away did not

give rise to a reasonable suspicion that defendant was engaged in criminal activity. The court therefore suppressed the evidence seized and the statements made by defendant before and after his arrest.

The People do not dispute that the BMW was validly registered and that the temporary license was properly affixed to the vehicle. Nor do the People contend that any infraction of the Vehicle and Traffic Law was committed. Therefore, had the driver of the vehicle not stopped of his own accord, it is clear that there would have been no basis for the police to stop the car. The finding of the court below that the arresting officer saw the temporary license is entirely consistent with the testimony adduced at the hearing and will not be set aside *(People v Mendez,* 75 AD2d 400, 404; *People v Armstead,* 98 AD2d 726). While a routine traffic stop may be made on a minimal degree of suspicion of a vehicle violation *(Terry v Ohio,* 392 US 1; *People v Ingle,* 36 NY2d 413) and while the defendant bears the burden of proof at a suppression hearing, it is nevertheless incumbent upon the People to assume the " 'burden of *going forward* to show the legality of the police conduct in the first instance *(People* v. *Malinsky,* 15 N Y 2d 86, 91, n. 2)' " *(People v Berrios,* 28 NY2d 361, 367). Likewise, the mere fact that defendant exited the vehicle carrying an opaque container and walked away from the scene does not constitute a basis for further inquiry by the police *(see, People v King,* 50 AD2d 521). Concur—Ross, Rosenberger, Smith and Rubin, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and deny the motion to suppress physical evidence and statements made by the defendant at the time of his arrest.

Initially, when the plain-clothes officers, who were in a medallion cab as part of a street crime patrol unit, observed an automobile without a front license plate and, thereafter, saw that it had no rear plate, there was a sufficient basis to follow and to stop the car, especially so when it was a BMW in The Bronx. *(See, People v Desir,* 138 AD2d 236.) That it later turned out that there was a New Jersey temporary license plate in the rear window does not change the situation. The officers were under no obligation to know whether, under New Jersey law, this would be sufficient. The defendant, a passenger in the car, exited the car in a rush with a bag in his hand and, observing the cab right behind, started to move on. One of the officers got out of the cab and asked him to stop and to stay by the car in order to investigate the plates

situation. The defendant was "agitated" and "nervous" *(see, People v Luna,* 73 NY2d 173), which is a sufficient predicate for the right to inquire further. The officer felt the bag and, thinking it might be a weapon, looked inside and found the clear plastic bag containing a white substance.

The determination of Trial Term that there was "no reasonable suspicion" to approach or to stop was in error. Of interest might be the article *Sadie and the Night Visitors* by John P. Hale (NY St BJ, Feb. 1989, at 44 *et seq.).*