Kem NOEL, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00-8804-CR-410.

Supreme Court of Indiana.

May 4, 1989.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class B felony, for which he received a sentence of twenty (20) years, enhanced by thirty (30) years by reason of his status as an habitual offender. He was also found guilty of Theft, a

Class D felony, for which he received a sentence of four (4) years, the sentences to run consecutively.

The facts are: During the evening of December 31, 1986, David Goodwin returned to his home in Indianapolis to find his gates open, the lights on, and a door which had apparently been broken by forced entry. Goodwin entered his home, obtained a pistol from a hiding place, and encountered appellant exiting a bedroom carrying a jar of money. Goodwin forced appellant to lie on the floor and called police.

Officer Rightmyer responded to the call and upon entering the house asked Goodwin to put his gun away. The officer then handcuffed appellant and read him his *Miranda* rights. The officer then asked appellant if he had anything to say and he responded, "Yes. The reason I did this was because of my six kids and my family and I have to keep them up." Appellant was then taken to the police station and turned over to Officer Byrd.

Appellant complained to Byrd that Rightmyer had treated him roughly. When he tried to make a statement to Rightmyer, at the time of his arrest, Rightmyer with pistol drawn told him to shut up or he might get his head blown off. Byrd testified that he told appellant that often officers acted rather roughly when they encountered a burglar inside a house because they feared for their own safety. He assured appellant that he had nothing to fear and that he did not have to make a statement if he did not want to.

Officer Byrd testified that after this exchange appellant told him that he had an alcohol problem and needed money to obtain alcohol. Appellant testified that although he understood the *Miranda* warnings, he waived them only because Officer Rightmyer threatened to blow his head off. He takes the position that Rightmyer's statement that appellant told him he had a wife and six kids did not happen because he was not married and had no children.

Appellant further testified that he was in the neighborhood looking for the home of his sister and mistakenly thought that the Goodwin residence was her home. He stated that when he knocked on the door, Goodwin appeared with a pistol, forced him to come inside and lie on the floor, and called police. The only reason he confessed to breaking in and did not tell what actually happened was because Officer Rightmyer had threatened to blow his head off. All of this evidence was placed before the trial court in a hearing to determine whether appellant's statements would be submitted to the jury.

Appellant claims the trial court erred in admitting his statements made to Officers Rightmyer and Byrd. So far as appellant's statements to Officer Rightmyer are concerned, they do not appear to be made as a product of interrogation, but rather as spontaneous remarks made by appellant at the time Officer Rightmyer arrived on the scene, and were properly considered by the trial court as volunteered statements rather than statements resulting from interrogation. *Resnover v. State* (1984), Ind., 460 N.E.2d 922.

As to appellant's statements to Officer Byrd, he was given his full *Miranda* rights, following which Officer Byrd assured appellant that he did not need to fear Officer Rightmyer or any other officer and repeated that appellant did not have to say anything. However, notwithstanding Officer Byrd's remarks, appellant volunteered to speak. We see no error in permitting appellant's statements to go to the jury.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.