OPINION OF THE COURT
Memorandum.
The order of the Appellate Division affirming the judgment of conviction and the denial of suppression should be affirmed.
The Fourth Amendment of the United States Constitution is not violated when a driver is directed to step out briefly from a lawfully stopped and detained vehicle because the inherent and inordinate danger to investigating police officers in completing their authorized official responsibilities in such circumstances justifies that precautionary action (see, Pennsylvania v Mimms, 434 US 106). The United States Supreme Court has reiterated that out of a concern for safety, "officers may, consistent with the Fourth Amendment, exercise their discretion to require a driver who commits a traffic violation to exit the vehicle even though they lack any particularized reason for believing the driver possesses a weapon” (New York v Class, 475 US 106, 115 [emphasis added]).
Defendant was a passenger in a car which unquestionably was lawfully stopped by two officers because it made an unsignalled right turn from the left lane of a New York City street across the flow of right-lane traffic cutting off another *775 car and motorist one and a half car lengths behind it in the right lane (see, People v Ingle, 36 NY2d 413). After pulling the car over, the officers approached one on each side. While one officer spoke with the driver about the traffic infraction, the other directed the defendant passenger to step out onto the sidewalk. With the passenger door open, the butt of a loaded .357 magnum handgun was plainly visible protruding from beneath the seat. The gun was seized and defendant was arrested. A postarrest search disclosed an additional six rounds of ammunition in defendant’s pocket.
We conclude, as to defendant’s Federal constitutional argument, the only one preserved in this case, that precautionary police conduct directed at a passenger in a lawfully stopped vehicle is equally authorized, within Federal constitutional guideposts, as that applied to a driver. Inasmuch as the risks in these police/civilian vehicle encounters are the same whether the occupant is a driver or a passenger, "police may order persons out of an automobile during a stop for a traffic violation” (Michigan v Long, 463 US 1032, 1047-1048, citing Pennsylvania v Mimms, 434 US 106, supra; see also, People v McLaurin, 70 NY2d 779; People v Livigni, 58 NY2d 894, affg on opn below 88 AD2d 386). Brief and uniform precautionary procedures of this kind are not per se unreasonable and unconstitutional.
We declare no evisceration and certainly no "total evisceration”, in the words of the dissent, of the Fourth Amendment’s protections nor do we address, one way or the other, the dissent’s implied importation of the State’s distinct constitutional protection, because that issue is not preserved or before us.
The heavy reliance laid by the dissenting opinion on the facts warrants this brief, though self-evidently not dispositive, reference to the governing principles in that regard. The evidence at the suppression hearing supported the determination that requiring defendant to step from the car was reasonable under the particular facts and under the pertinent Federal guideposts, and inasmuch as the Appellate Division affirmed, leaving the findings undisturbed (see, People v Harrison, 57 NY2d 470, 477; People v De Bour, 40 NY2d 210, 223), the order affirming the conviction and denial of the suppression of the seized evidence should not be overturned by this court.
Defendant’s other arguments are either without merit or unpreserved.