■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY ANDERSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered June 10, 1987, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find that the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress certain physical evidence and his statement. Issues of credibility of witnesses are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous (see, People v Armstead, 98 AD2d 726; see also,

*People v Garafolo,* 44 AD2d 86). The evidence adduced at the hearing established that the defendant's car was properly stopped after police had observed him in a dispute with a citizen informant who then told the officers that the defendant had just pointed a gun at him *(see, People v Hernandez,* 125 AD2d 492). When a frisk of the defendant produced two .25 caliber bullets, the police were authorized to search the accessible areas of the car which the defendant had just exited *(see, People v Ellis,* 93 AD2d 657, *affd* 62 NY2d 393; *People v Walker,* 151 AD2d 794; *People v Rosen,* 112 AD2d 253). Accordingly, the search of the car and the seizure of the gun found under the driver's seat did not violate the defendant's constitutional rights. In addition, since the defendant's arrest was lawful and he admitted that he was apprised of his *Miranda* rights, his statement to the police was properly found to be admissible.

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Kunzeman and Sullivan, JJ., concur.