■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BUSH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered April 23, 1990, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for re-

view the denial (Grajales, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

According to the undisputed evidence adduced at the suppression hearing, the vehicle in which the defendant was a passenger was stopped by police after it went through a red light. One of several officers who approached the vehicle observed the defendant make hand movements toward the waistband area of his pants and thus directed that the defendant get out of the vehicle. When defendant did so, the officer observed a bulge at defendant's waistline. The ensuing frisk produced a gun.

The defendant's contention that it was not reasonable within the meaning of the Fourth Amendment for the officer to order him out of the vehicle is without merit *(see, People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966, 110 S Ct 411; *People v Francois,* 155 AD2d 685). Moreover, given the danger inherent in the stop of a motor vehicle *(see, Pennsylvania v Mimms,* 434 US 106; *People v Robinson, supra; People v Francois, supra; People v Livigni,* 88 AD2d 386, *affd* 58 NY2d 894) and the defendant's noteworthy waistline bulge, which is a "telltale [sign] of a weapon" *(People v De Bour,* 40 NY2d 210, 221), toward which the defendant made hand motions, the frisk was also a reasonable precautionary action. The Supreme Court therefore properly concluded that the defendant's arrest was not the product of unlawfully intrusive police conduct.

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.