**Milton Roy PORTER,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9011–CR–700.[1]

Court of Appeals of Indiana,
Fifth District.

May 9, 1991.

1. This case has been diverted to this office by order of the Chief Judge.

William F. Thoms, Jr., Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Milton Ray Porter appeals his conviction following a bench trial for carrying a handgun without a license, a class A misdemeanor. He raises two issues on appeal:

1. Whether the trial court erroneously admitted into evidence the handgun and Porter's statement; and

2. Whether the evidence is sufficient to support the conviction.

### FACTS

Indianapolis Police Officer John Green and his Field Training Officer were patrolling an area known to have had a large number of car thefts. Officer Green noticed a car with an out-of-county license plate and turned around in order to follow it. The car sped up and took the corners quickly when Officer Green began following the car. Officer Green noticed that the three men in the car were making movements as if to hide something. Once Officer Green had followed the car for four or five blocks and pulled up behind it, the driver of the car abruptly and without signalling turned into a driveway. Officer Green then turned on his flashing lights. The driver of the car, later identified as Milton Chandler, stopped the car and got out of the vehicle. Officer Green identified himself as a police officer and asked Chandler to return to his car, but Chandler ran away. The Field Training Officer pursued Chandler, caught him and brought him back to the patrol car. While Chandler was being pursued, Officer Green asked the two passengers to get out of the car. Porter had been sitting in the back seat behind the driver's seat.

When Chandler was returned to the scene, he was arrested for fleeing. The officers then conducted an inventory search of the car prior to its being towed. A loaded nine millimeter handgun was found under the armrest in the middle of the back seat of the car. Chandler did not have a license for the gun and was charged with carrying a handgun without a license. At this point, Porter told the officers that the gun was his. Officer Green asked him if he had a license and Porter told him that he did not. Porter was then arrested.

### INADMISSIBLE EVIDENCE

Porter contends that the handgun and his statement that the gun was his should not have been admitted at trial because they were the product of an illegal stop and search. The State argues that the initial stop was reasonable, there was probable cause for the driver's arrest and that the inventory search was proper. Further, the State argues that Porter's statements were admissible because they were made spontaneously before he was in custody.

■ Although the State does not question Porter's standing to challenge the legality of the search of the car, we *sua sponte* raise this threshold issue. Porter was merely a passenger in the car owned and driven by Chandler. A passenger in a vehicle at the time of a search does not have a legitimate expectation of privacy in that vehicle. *Pollard v. State* (1979), 270 Ind. 599, 388 N.E.2d 496.

> A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rules protections.

*Id.* at 502 (*quoting Rakas v. Illinois* (1978), 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387, 394–95). Thus, even if the stop and search of the vehicle had been illegal, Porter's Fourth Amendment rights were not violated when the police officers

seized the handgun. The trial court did not err in admitting the handgun into evidence.

However, the above analysis does not dispose of the admissibility of Porter's statement to the police following Chandler's arrest. It is clear that if a confession is the product of an unlawful arrest or detention it is inadmissible. *Dunaway v. State* (1982), Ind., 440 N.E.2d 682, 685. Not every police-citizen encounter is a "seizure" of the person to the extent that an unlawful detention has occurred. *Id.* A defendant is under arrest and detained in violation of the Fourth Amendment if he is taken into custody without probable cause and interrogated against his will, *Campbell v. State* (1986), Ind., 500 N.E.2d 174, 179, or if, considering all the circumstances surrounding the police-citizen encounter, the defendant entertained a reasonable belief that he was not free to leave. *Dunaway, supra* at 685.

█ In the present case, Officer Green initially noticed the car in which Porter was riding because it had an out-of-county license plate. Officer Green was patrolling in an area with a high number of auto thefts and had been instructed that out-of-county license plates indicate a possibly stolen car. He turned around his patrol car to follow the car and when Chandler became aware of a police car behind him he sped up and turned corners at a high rate of speed. Officer Green had not turned on his flashing lights or his siren in an attempt to pull Chandler over. After four or five blocks, Chandler abruptly turned into a driveway without using his turn signal and at that point Officer Green turned on his lights. Chandler got out of the car and Officer Green identified himself and asked Chandler to return to his car. At this, Chandler took off running. Officer Green then asked Porter and the other passenger in the car to get out of the car. Officer Green did not draw his gun at any time and he did not frisk Porter or arrest him at this time. While the other officer was pursuing Chandler, Officer Green detained the passengers in order to investigate the matter. After Chandler was arrested and the gun found in the car, Porter, still not under arrest and not being questioned by the police, offered the information that the gun belonged to him. Officer Green asked if he had a license for it and Porter answered that he did not. Porter then was arrested.

We do not agree with Porter that his statement is the product of an unlawful detention. Although Officer Green decided to follow Chandler's car on a mere suspicion due to the license plates, it was not until Chandler committed traffic violations by speeding, recklessly turning corners and turning without signalling in an apparent attempt to avoid the police that Officer Green turned on the patrol car lights and approached Chandler. Clearly this initial investigatory stop was lawful. *See Walker v. State* (1988), Ind., 527 N.E.2d 706, *cert. denied* — U.S. ——, 110 S.Ct. 161, 107 L.Ed.2d 118. Officer Green was justified in having Porter and the other passenger step out of the car for his own safety, especially after Chandler fled. *See Poling v. State* (1987), Ind., 515 N.E.2d 1074, *cert. denied* 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161.

█ It is equally clear that Porter was not subjected to a custodial interrogation. Although Chandler was arrested for fleeing and then for possession of a handgun, Porter had neither been given any indication that he was under arrest, nor had he been questioned in any way by the police. Porter volunteered the information that the gun belonged to him and that he did not have a license. The trial court properly admitted the evidence. *See Stubbs v. State* (1990), Ind., 560 N.E.2d 528; *Noel v. State* (1989), Ind., 537 N.E.2d 497.

## SUFFICIENCY

█ Porter next argues that the evidence is insufficient to support his conviction because the only evidence supporting the conviction was inadmissible. In light of our conclusion as to the admissibility of the handgun and Porter's statements that the handgun was his and that he did not have a license, this argument must also

fail. The evidence is sufficient to support the conviction.

AFFIRMED.

RATLIFF, C.J., and SHARPNACK, J., concur.