**STATE of Indiana, Appellant–Plaintiff,**

v.

**Gordon N. HEUCK, Appellee–Defendant.**

No. 82A01–9103–CR–72.

Court of Appeals of Indiana,
First District.

Sept. 3, 1991.

Rehearing Denied Oct. 9, 1991.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., India-napolis, Stanley M. Levco, Pros. Atty., Vanderburgh County, Jonathan J. Parkhurst, Deputy Pros. Atty., Evansville, for appellant-plaintiff.

Stuart Bench, Bench Law Office, Indianapolis, for appellee-defendant.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The State filed this appeal from the grant of Gordon N. Heuck's motion to suppress evidence which effectively precluded further prosecution. We reverse and remand.

## ISSUE

We rephrase the sole issue on appeal as: Did the trial court err in granting Heuck's motion to suppress evidence finding that the police officer's stop was a "pretext" to search for evidence of other crimes?

## FACTS

On May 22, 1990, Evansville Police Detective Whitlow received a call from a confidential informant that Heuck was at Harpole's Tavern. Detective Whitlow was aware that Heuck had been involved with narcotics in the past and that Heuck's Tennessee driver's license had been suspended. As Detective Whitlow arrived at the tavern, he saw Officer Morris driving past. He stopped Officer Morris and informed him about Heuck. Officer Morris wrote down Heuck's license plate number and continued his patrol. Detective Whitlow entered the tavern and observed Heuck drinking alcohol. Detective Whitlow left approximately an hour later. Detective Whitlow radioed Officer Morris that if any trouble occurred later, he should look for Heuck's car. He also told Officer Morris that Heuck could be a drunk driver. Detective Whitlow then went home. Officer Morris issued a "be on the lookout" statement over the radio stating that Heuck was a suspended driver and probably had narcotics with him.

Officer Morris met with Officer Braun and informed him about Heuck. Early on May 23, 1990, Officer Braun saw Heuck get into his car and decided to follow him to see if he was intoxicated. Officer Braun testified that it was difficult to follow Heuck because Heuck was speeding and trying to evade him although he had not attempted to stop Heuck. During this time, Officer Braun radioed Officer Morris notifying him of Heuck's movements. While proceeding to the area, Officer Morris was nearly hit by Heuck coming around a curve at a high rate of speed and crossing the double yellow lines. Officer Morris indicated that he believed the driver was intoxicated, and he turned around to follow the car. He further observed the car weaving, swaying, and driving off the side of the road. At this point, Officer Morris decided to stop the car so he turned on his sirens and lights. As Heuck slowed his vehicle, Officer Morris saw Heuck toss a baggie out of the window. Officer Morris noticed that Heuck's eyes were bloodshot and that Heuck's breath smelled of alcohol.[1] Officer Morris discovered Heuck's driver's license had been reinstated. The baggie that Heuck had thrown aside contained methamphetamine.

Heuck was charged with possession of a schedule II controlled substance within 1,000 feet of school property, operating a motor vehicle while intoxicated, and driving left of center. Prior to trial, Heuck filed a motion to suppress the evidence found during the arrest, claiming the stop was merely a pretext to search Heuck for evidence of other crimes. Following the suppression hearing, the court granted the motion to suppress. The State moved to dismiss the action, which the court granted.[2] The State appeals.

## DISCUSSION AND DECISION

■ We first note that the State incorrectly asserts that this appeal is upon a reserved question of law. When a defendant has been acquitted, the State may appeal a reserved question of law pursuant to IND.CODE § 35–38–4–2(4). No acquittal was entered in this case. Rather, this appeal is based upon I.C. § 35–38–4–2(5), which allows the State to appeal the trial court's grant of suppression of evidence where it effectively terminates the State's prosecution. *See State v. Pease* (1988), Ind.App., 531 N.E.2d 1207, 1209.

The State argues that the court erred in granting the motion to suppress because the stop of Heuck's vehicle satisfied the requirements of the fourth amendment. The State asserts that police may make a legal stop of a car when they observe minor traffic violations. *See Porter v. State* (1991), Ind.App., 570 N.E.2d 1324, 1326 (traffic violations of speeding, recklessly turning corners, and failing to signal justified investigatory stop); *Young v. State* (1991), Ind.App., 564 N.E.2d 968, 969 (failure to obey stop sign, an infraction, justified police stop to issue citation); *Pease*, 531 N.E.2d at 1209 (driving with a cracked windshield, a violation of the unsafe vehicle statute, justified stop); *see also U.S. v. Cummins* (8th Cir.1990), 920 F.2d 498, 500, *appeal pending* (citing *Pennsylvania v. Mimms* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977)) (when an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle).

Despite the foregoing, our review is not concluded. Heuck contends the stop was pretextual and that the real reason for the stop was based on the officer's suspicions of Heuck's possession of narcotics rather than Heuck's traffic violations. Heuck asserts that the trial court's ruling is correct. Conversely, the State argues that the court failed to apply the "objective reasonableness" standard to determine whether the stop was a "pretext".

■ In *U.S. v. Trigg* (7th Cir.1989), 878 F.2d 1037, on an interlocutory appeal, the seventh circuit cited the language of the U.S. Supreme Court in *Maryland v. Ma-*

---

1. Heuck registered .05 BAC on the breathalyzer.

2. *See State v. Pease* (1988), Ind.App., 531 N.E.2d 1207, in which an appeal was allowed after dismissal. *See also State v. Nesius* (1990), Ind. App., 548 N.E.2d 1201, 1204, n. 1.

*con,* 472 U.S. 463, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985), which stressed that the fourth amendment analysis involves "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time." The *Trigg* court observed that most circuits, including the seventh circuit, had interpreted *Maryland* as dictating a pure "objective reasonableness" standard. *Trigg,* at 1040. The *Trigg* court clearly provided that the "objective reasonableness" standard should be used to evaluate the reasonableness of an arrest. *Id.* In doing so, the *Trigg* court delineated two factors: whether the arresting officer had probable cause to believe an offense was committed, and whether the officer had the authority to effect a custodial arrest for the offense. *Id.* at 1041. If both factors are present, then the arrest is reasonable under the fourth amendment. *Id.* In other words, "so long as the police are doing no more than they are legally permitted and objectively authorized to do, an arrest is constitutional". *Id.*

In *Trigg,* the police suspected Trigg was engaged in narcotics activity, but did not have probable cause to stop him. During surveillance of Trigg, the police ran a check on Trigg's license and confirmed his license was suspended. The police then stopped Trigg for driving with a suspended license. During the pat-down search, cocaine was found. Following the guidance of the seventh circuit's decision on the interlocutory appeal, the trial court denied Trigg's motion to suppress the cocaine, finding the stop and arrest was reasonable. On direct appeal, the seventh circuit affirmed the court's ruling and use of the "objective reasonableness" standard. *See U.S. v. Trigg* (7th Cir.1991), 925 F.2d 1064, 1065.

■ Furthermore, the officer's subjective reasons for stopping a defendant are irrelevant where the officers have sufficient information to believe the defendant has violated the law. *U.S. v. Hope* (7th Cir.1990), 906 F.2d 254, 258, *appeal denied,* —— U.S. ——, 111 S.Ct. 1640, 113 L.Ed.2d 735; *see also Cummins,* 920 F.2d at 500–501 (otherwise valid stop does not become unreasonable because officer has intuitive suspicions of criminal activity, and stop remains valid even if officer would have ignored the traffic violation but for his other suspicions). In *Cummins,* the defendant failed to signal a right turn. The police officer's stop for the traffic violation was legitimate under the "objective reasonableness" standard. The officer's suspicion based on Cummins's strange behavior was not relevant to determine whether the fourth amendment was violated. *Id.* at 501. We decline to follow the eleventh circuit, as Heuck suggests, which has adopted a different test: whether under the same circumstances a reasonable officer would have made the stop in the absence of the invalid purpose. *See U.S. v. Smith* (11th Cir.1986), 799 F.2d 704.

With the above analysis in mind, we return to the relevant Indiana cases. In *State v. Nesius* (1990), Ind.App., 548 N.E.2d 1201, 1203, the police did not have probable cause to stop the car and failed to prove "reasonable suspicion" to justify an investigatory stop. The police officer admitted that the defendant's behavior was "very possibly" lawful conduct; and, the officer failed to testify that the defendant was pulled over for illegal parking. The *Nesius* court refused to allow "the State to supply—*after the fact*—a possible justification for the stop *not contemplated* by the police officer at the time of the stop. *Id.* (emphasis added). The court found the police stopped Nesius for suspicious behavior, which violated the fourth amendment. *See also Platt v. State* (1991), Ind.App., 568 N.E.2d 1028, 1030–31, *trans. pending* (officer did not cite any motor vehicle violation as a reason for the stop; and flight alone was insufficient to justify stop). We find that the facts of the present case are substantially different from *Nesius* and *Platt* and are more similar to the facts of *Porter,* 570 N.E.2d 1324.

In *Porter,* the officer initially noticed a car because it had an out-of-county license plate and was in a high crime area for auto theft. After the police decided to follow the car on a mere suspicion due to the license plates, the driver sped up and turned corners at high rates of speed, although the officer had not turned on his

flashing lights or his siren to attempt to stop the car. The car abruptly turned into a driveway without signalling. The officer then turned on his lights. *Porter*, 570 N.E.2d at 1326. The court found that although the officer began to follow the car on a mere suspicion, it was not until the defendant committed traffic violations that the officer attempted to stop the car. Therefore, the stop was lawful. *Id.; see also Walker v. State* (1988), Ind., 527 N.E.2d 706, 708–09, *cert. denied,* —— U.S. ——, 110 S.Ct. 161, 107 L.Ed.2d 118 (stop for taillight and license plate light violations was justified and not a mere pretense to stop and search suspected burglar).

 Similarly, we find that Officer Braun began to follow Heuck based on mere suspicion. However, no attempt to stop Heuck occurred until after traffic violations were committed. Applying the "objective reasonableness" test, the stop was legal, because Officer Morris had observed the traffic violations and had authority to stop Heuck for them. *See id; Trigg,* 878 F.2d at 1041. The stop does not become invalid because Officer Morris had other suspicions when he stopped Heuck. *See Hope,* 906 F.2d at 258.

Because we do not find the stop was pretextual, we conclude that the trial court erred in suppressing the evidence. We reverse and remand for further proceedings and instruct the court to deny Heuck's motion for suppression of the evidence.

Reversed and remanded.

ROBERTSON, J., concurs.

SHARPNACK, J., concurs in result.