Tigree James WARR, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9101–CR–8.[1]

Court of Appeals of Indiana,
First District.

Oct. 28, 1991.

Gregory S. Fehribach, Mears & Tucker, Indianapolis, for appellant-defendant.

---

1. This case was transferred to this office by order of the Chief Judge on September 16, 1991.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Tigree James Warr appeals his conviction for Possession of Cocaine,[2] a Class D felony. We affirm.

## ISSUE

The sole issue on appeal is whether the trial court erred in overruling Warr's motion to suppress evidence seized during a traffic stop.

## FACTS

On December 9, 1989 at 9:00 p.m., Indianapolis police officer Mark Nagy observed a van driving slowly without its headlights on. The van was in an area well-known for heavy narcotics activity and frequent shootings. The van proceeded to travel in a circle and made an unsignalled turn. Officer Nagy stopped the van and was assisted by Officer Cheh. Upon approaching the driver, Officer Nagy observed that the driver was very nervous and disturbed. After the driver was unable to produce a driver's license, the driver was directed to exit the van.

Officer Cheh, whose primary responsibility while assisting was the safety of the officers during the stop, approached the passenger side of the van. The front-seat passenger did not have a driver's license, but suggested that the passenger in the back, Warr, might have a license. The front-seat passenger was asked to leave the van as a safety measure. Officer Cheh could not see Warr well from the front door window because it was dark and the van was stopped in a dimly lit area. In order to see and hear Warr, Officer Cheh opened the sliding side door of the van because there were no windows towards the back of the van. He could see that Warr's left hand was clenched but was partially out of view. Therefore, Officer Cheh asked Warr to place his left hand on his leg within the officer's view. When Warr did so, he dropped a small white bag on the floor and covered it quickly with his foot. Warr was ordered out of the van and arrested for possession of cocaine. The driver and other passenger were permitted to leave without any tickets issued.

Warr protests the court's decision to allow the cocaine into evidence. Warr claims the search was illegal under the Fourth Amendment.

## DISCUSSION AND DECISION

Warr contends that the trial court erred in denying his motion to suppress evidence of cocaine seized during an investigatory stop of a vehicle in which he was a passenger. Warr asserts that Officer Cheh violated the Fourth Amendment when he opened the side door of the van and ordered Warr to place his left hand on his left leg. It is undisputed that the police stop was warranted for the van was being driven without its headlights on and made an unsignalled turn.

In *Poling v. State* (1987), Ind., 515 N.E.2d 1074, 1077, *cert. denied*, 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161, our supreme court discussed investigatory stops. Citing the United States Supreme Court, Justice Pivarnik stated:

"A police officer may make an initial or investigatory stop of a person or automobile under circumstances where probable cause for arrest is lacking when the facts known to the officer at the time of the stop are such as to warrant a man of reasonable caution to believe an investigation is appropriate. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Taylor v. State* (1980), 273 Ind. 558, 561, 406 N.E.2d 247, 250. Even in a routine stop, based on safety concerns, an officer may, consistent with the Fourth Amendment, exercise discretion to require a driver who commits a traffic violation to exit the vehicle even though the officer lacks any particularized reason for believing the driver possesses a weapon. *New York v. Class* (1986), 475 U.S. 106, 106 S.Ct. 960, 89 L.Ed.2d 81,

---

**2.** IND.CODE § 35–48–4–6.

*citing Pennsylvania v. Mimms* (1977), 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331."

*Poling,* 515 N.E.2d at 1077. In *Mimms,* the initial stop of the automobile was valid because the license tags were expired. *Mimms,* 434 U.S. at 109, 98 S.Ct. at 332, 54 L.Ed.2d at 336. The *Mimms* court then proceeded to ascertain whether the police officer's ordering of the driver to exit the vehicle was reasonable under the Fourth Amendment. *Id.* The Supreme Court found that the officer's safety outweighed the minimal intrusion into the driver's personal liberty. *Id.* at 111, 98 S.Ct. at 333, L.Ed.2d at 337. In summary, *Mimms* holds that after a vehicle has been detained lawfully for a traffic violation, the police officer may order the driver to exit the vehicle without violating the Fourth Amendment. Recently, we followed *Mimms* in *Young v. State* (1991), Ind.App., 564 N.E.2d 968, *trans. denied,* and found that the officer's brief detention of a driver outside of his car was a *de minimis* intrusion, even where nothing specific indicated that the officer's personal safety was in jeopardy. *Id.* at 970.

Here, the State asks us to affirm the trial court's denial of the motion to suppress which, in effect, requires an extension of the *Mimms* holding to passengers of a vehicle. In support, the State refers us to *State v. Ferrise* (Minn.1978), 269 N.W.2d 888 and *People v. Robinson* (1989), 74 N.Y.2d 773, 545 N.Y.S.2d 90, 543 N.E.2d 733, *cert. denied,* 493 U.S. 966, 110 S.Ct. 411, 107 L.Ed.2d 376. In *Ferrise,* after a car had been stopped legally, the driver failed to produce a driver's license. The driver accompanied the officer to the police van. Then the officer returned to the car to get some identification from the passenger to aid in identifying the driver. The passenger argued that the officer's opening of the passenger door was an unreasonable search. The Minnesota Supreme Court applied the *Mimms* analysis to passengers, reasoning, "the same concern of the officers for their safety applies, and the intrusion on the rights of passengers occasioned by being required to get out of the car is no greater than the intrusion on the rights of the driver." *Ferrise,* at 890. The

*Ferrise* court found that the intrusion into the passenger's privacy was minimal and gave way to the public interests. *Id.* at 891.

Similarly, in *Robinson,* the New York Court of Appeals determined that the Fourth Amendment was not violated when the passenger was directed to step out of the vehicle which was lawfully stopped for a traffic violation. *Robinson,* 74 N.Y.2d at 774–75, 545 N.Y.S.2d at 90, 543 N.E.2d at 734. Citing *Mimms,* the *Robinson* court stated that the "inherent and inordinate danger to investigating police officers in completing their authorized official responsibilities in such circumstances justifies that precautionary action." *Id.* 74 N.Y.2d at 774, 545 N.Y.S.2d at 90, 543 N.E.2d at 733. In *Robinson,* a car was stopped for making an unsignalled right turn. Upon making an initial stop, two officers approached the car, one on each side. The passenger was ordered to exit the car. Because the risks that police encounter are the same whether the occupant is a driver or a passenger, " 'police may order persons out of an automobile during a stop for a traffic violation.' " *Id.* at 775, 545 N.Y.S.2d at 91, 543 N.E.2d at 733–34 (quoting *Michigan v. Long* (1983), 463 U.S. 1032, 1047–1048, 103 S.Ct. 3469, 3479–3480, 77 L.Ed.2d 1201, 1218–19).

Based upon the given circumstances, we adopt the reasoning of *Robinson* and *Ferrise* and extend the *Mimms* holding to passengers in this case. We find the opening of the van door and the officer's request for Warr to place his hand within view to be minimal intrusions of Warr's Fourth Amendment rights. The minimal intrusions were reasonable in consideration of all of the circumstances. The investigatory stop was conducted in a dimly lit area in a neighborhood known for criminal activities. The officer was attempting to secure identification from the occupants. Officer Cheh could not see or hear Warr well without opening the van's sliding door. The request for Warr to place his hand in view was reasonable and the least intrusive method to ensure his and Officer Nagy's safety. We note that under *Mimms,* Officer Cheh could have ordered Warr to step out of the van. We conclude that Officer

Cheh's actions were reasonable and not in violation of the Fourth Amendment. *Accord Evans v. State* (1991), Ind.App., 566 N.E.2d 1037, 1039 (if a vehicle is stopped legally, the officer may conduct a search for weapons without a search warrant if he reasonably believes that he may be in danger; and, any items discarded by the driver at the scene are subject to seizure by police and admissible at trial); *Porter v. State* (1991), Ind.App., 570 N.E.2d 1324 (officer justified in asking passenger to exit car). We uphold the trial court's denial of the motion to suppress the cocaine.

Affirmed.

BARTEAU, J., concurs.

SHIELDS, J., concurs with separate opinion.

SHIELDS, Judge, concurring.

I concur in the majority opinion. However, I question whether Tigree James Warr has standing to object to the alleged illegal search of the vehicle in which he was a passenger when the officer opened the side door of the van. See *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 898–99; *Porter v. State* (1991), Ind.App., 570 N.E.2d 1324, 1325–36.