■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered May 3, 1990, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On October 25, 1989, at approximately 11:10 P.M., the defendant was operating a brown Chevrolet in the vicinity of Atlantic Avenue and Washington Avenue in Brooklyn. Two police officers on regular motor patrol observed that the defendant's Chevrolet had no rear license plate.

In response to a signal from the patrol car, the defendant brought his vehicle to a stop. One officer, after approaching the driver's side of the defendant's car, requested that the defendant produce a driver's license, registration, and an insurance card. When the defendant proved unable to comply with these requests, he was asked to get out of the car.

According to one of the police officers, as the defendant exited the car, "his jacket was opened and there was a large

bulge in his waistband on the left hand". This officer frisked the defendant and recovered a firearm.

On appeal, the defendant argues that the firearm was seized in violation of his right to be free of unreasonable searches and seizures *(see,* US Const 4th, 14th Amends; NY Const, art I, § 12), because a temporary license sticker was affixed to the vehicle he was driving. He reasons that the absence of a permanent license plate from that vehicle could not, therefore, properly serve as the basis for the initial stop *(see, People v Perez,* 149 AD2d 344).

There was some evidence to support a finding that a temporary sticker was being displayed on the vehicle in question at the time of the incident. However, the officers testified that they did not see the sticker before they asked the defendant to step out of the car *(cf., People v Perez, supra).* Under these circumstances, the officers had a reasonable basis to believe that the defendant was committing a traffic infraction, and that they were, therefore, justified in stopping the vehicle *(see, Pennsylvania v Mimms,* 434 US 106; *People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966; *People v Coggins,* 175 AD2d 924; *People v Bush,* 171 AD2d 801). After one officer observed a large suspicious bulge in the defendant's waistband, an immediate frisk was justified *(see, People v Bush, supra).* Thus, the seizure of the defendant's weapon was in no sense the fruit of illegal police conduct. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.