**STATE of Indiana, Appellant–Plaintiff,**

v.

**James V. PAYTON, Frank H. Bunting, Anthony Gugliuzza, James R. Willoughby, William D. Brown, James E. Alyea, Robert Willoughby, John W. Kenison, Jr., Appellees–Defendants.**

No. 49A02–9109–CR–408.

Court of Appeals of Indiana, Second District.

March 30, 1992.

As Reissued April 3, 1992.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

Duge Butler, Indianapolis, for appellees-defendants.

SHIELDS, Judge.

The State of Indiana appeals the trial court's judgment granting the motions to suppress evidence filed by the defendants, James V. Payton, Frank H. Bunting, Anthony Gugliuzza, James R. Willoughby, William D. Brown, James E. Alyea, Robert Willoughby, and John W. Kenison, Jr.

The trial court erred in granting the motions.

### FACTS

Pursuant to a search warrant, sheriff's deputies entered an apartment rented by

John Spaulding and his daughter. Inside the apartment, the deputies discovered hundreds of poker chips, tables set for poker, playing cards, and substantial amounts of cash. The defendants attempted to remove money from the table and put it in their pockets but the deputies ordered them to leave the money and to empty their pockets. The defendants were charged with unlawful gambling while Spaulding was charged in Room 15 of the Marion Municipal Court with promoting professional gambling.

The defendants filed motions to suppress the evidence obtained in the apartment. The trial court granted the motions and ordered the evidence excluded. In so doing, the trial court concluded it was "estopped from changing [the ruling of the judge in Room 15 granting Spaulding's motion to suppress the same evidence]. I am, and he is, and we are, one Municipal Court." Record at 192. The trial court also determined the defendants had standing, and that the Affidavit for Search Warrant was stale and failed to establish probable cause for the issuance of the search warrant in question.

The State appeals.

### DECISION

The trial court erred in granting the defendants' motions to suppress the evidence seized in plain view while in the course of executing the search warrant for Spaulding's apartment.

 As a preliminary matter, the trial court was not estopped by the grant of Spaulding's motion to suppress in Room 15 of the Marion Municipal Court; a ruling on a motion to suppress evidence is not a final judgment. *See Schweitzer v. State* (1989), Ind., 531 N.E.2d 1386, 1388 ("A motion to suppress does not preserve error for appellate review. The movant must also object at trial when the evidence is offered. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102."). Next, the defendants, as casual visitors in the Spaulding apartment, do not have standing to challenge the search and seizure to which they object; they do not have a reasonable expectation of privacy in the apartment. *See Rakas v. Illinois* (1978), 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387; *Pollard v. State* (1979), 270 Ind. 599, 605, 388 N.E.2d 496, 502; *Porter v. State* (1991), Ind.App., 570 N.E.2d 1324, 1325. Further, a reasonable expectation of privacy does not arise from ownership of property in plain view. *See Rawlings v. Kentucky* (1980), 448 U.S. 98, 106, 100 S.Ct. 2556, 2562, 65 L.Ed.2d 633.

The trial court erred in granting the motions to suppress evidence.

RUCKER and SULLIVAN, JJ., concur.