■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO MITCHELL-BENETIZ, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that he was deprived of effective assistance of counsel because his prior counsel did not have defendant testify at the first suppression hearing and did not conduct a search for witnesses to defendant's arrest. Even if defendant had told counsel, before the suppression hearing, of the facts that he testified to at the second hearing, there was no assurance that those facts would have provided defendant with grounds for suppression of the drugs seized at the time of defendant's arrest. Contrary to the determination of the suppression court,

it is proper for police officers to remove a traffic violator from his automobile *(People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966).

Moreover, there is no showing in the record whether defendant, before the first hearing, related to his prior counsel any facts that would have made it desirable for defendant to testify. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Boomer, J. P., Pine, Boehm, Fallon and Davis, JJ.