■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD ELLISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered October 18, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Quinones, J.), of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and identification testimony.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the police did not have a sufficient basis for his detention and subsequent arrest. The information originally possessed by the arresting officer, together with the reaction of the defendant when the police requested that he stop, justified the frisk and brief detention of the defendant until the complainant could arrive and either confirm or dispel the reasonable suspicion that he had committed the robbery *(see, People v Hicks,* 68 NY2d 234; *People v Cantor,* 36 NY2d 106, 111; *People v De Bour,* 40 NY2d 210, 222; *People v Hollman,* 79 NY2d 181). The hearing court thus properly concluded that the police acted lawfully under the circumstances.

We also disagree with defendant's contention that the conduct of the trial court requires reversal. Since the defendant failed to object to allegedly prejudicial conduct or to move for a mistrial, his claim that the trial court improperly interjected itself into the proceedings is unpreserved for appellate review *(see, People v Charleston,* 56 NY2d 886; *People v Robinson,* 137 AD2d 564; CPL 470.05 [2]). In any event, the record indicates that the trial court acted properly and within the bounds of its power to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of proof *(see, People v Moulton,* 43 NY2d 944, 945).

We have considered the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be without merit *(see, People v Saunders,* 64 NY2d 665, 667; *People v Suitte,* 90 AD2d 80; *People v Aguilera,* 156 AD2d 698). Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.