■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON ROBERTS, Appellant. [601 NYS2d 925] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered October 8, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant.

Ordered that the judgment is affirmed.

Several police officers responded to a radio report of a robbery in progress in Brooklyn. After the police officers arrived at the scene, they were approached by a woman who told them that she had just been robbed. The woman motioned toward the area where the defendant was standing with another man, and shouted, "Over there, over there." The defendant and the other man began to walk away from the police officers, but the officers stopped and frisked them. During the frisk, an officer recovered a revolver from the defendant. Subsequent to the recovery of the revolver, it was determined that the defendant had not committed the robbery.

We find that there was a proper basis to stop and frisk the

defendant. Although the stop and frisk involved a case of mistaken identity, we find it was not a pretext. A stop and frisk, based on the reasonable suspicion of a police officer that a person has committed a crime, and poses a danger of physical injury to the officer *(see,* CPL 140.50 [3]), will not be invalidated if the suspicion is later determined to be mistaken *(see, People v Fabian,* 126 AD2d 664; *People v Nimmons,* 60 AD2d 129). The hearing court, in crediting the police officer's testimony and discrediting the testimony of the robbery victim and the defendant *(see, People v Anderson,* 160 AD2d 947), correctly determined that under all of the circumstances *(see, People v Ellison,* 186 AD2d 755; *People v Mack,* 26 NY2d 311), the stop and frisk and subsequent arrest of the defendant was proper. Mangano, P. J., Thompson, Pizzuto and Joy, JJ., concur.