OPINION OF THE COURT
Edgar G. Walker, J.
*920 The defendant is charged with aggravated unlicensed operation of a motor vehicle, pursuant to Vehicle and Traffic Law § 511 (2) (a) (iv). On March 18,1998, a Huntley/Dunaway hearing was held before a Judicial Hearing Officer (hereinafter referred to as JHO) to suppress defendant’s statements as a result of an illegal stop. The only witness who testified was Police Officer (P.O.) Hibbert. His testimony was found to be candid and credible by the JHO. A transcript of this hearing was forwarded to me, pursuant to CPL 255.20 (4), for review of the JHO’s findings and recommendations.
The JHO concluded that the defendant’s Huntley /Dunaway motion should be denied. The JHO also recommended that the defendant’s oral application for a Mapp hearing be denied. For the reasons that follow, the defendant’s motion to suppress his statements is granted.
FINDINGS OF FACT
On October 19,1997 around 12:40 a.m., P.O. Hibbert and his partner, P.O. Suarez, both in uniform, were travelling westbound in a marked car on Randall Avenue when they observed the defendant travelling eastbound in a 1988 Honda with no license plates. Upon noticing the lack of plates, P.O. Hibbert made a U-turn and pursued the Honda. The marked car was a block and a half away from the Honda when the turret lights and siren were activated. After the defendant stopped the Honda, P.O. Hibbert exited his vehicle and noticed, for the first time, a handwritten temporary license affixed to the Honda’s rear window.
P.O. Hibbert testified that he routinely stops and detains vehicles with temporary licenses for the purposes of questioning the driver as to the validity of the temporary license because of his belief that they are usually “not real” or “bogus”.
He, therefore, approached the Honda and advised the defendant that he was pulled over because the car lacked license plates. In response to P.O. Hibbert’s questioning, the defendant stated that he neither had a license nor paperwork for the vehicle. A computer check revealed that the defendant had 17 suspensions on four days and four revocations on four days. As a result, the defendant was placed under arrest for aggravated unlicensed operation of a motor vehicle.
CONCLUSIONS OF LAW
The initial stop of the defendant was justified based upon the fact that his car did not have front or rear license plates. *921 (People v Johnson, 178 AD2d 549, lv denied 79 NY2d 920.) However, unlike Johnson, P.O. Hibbert saw the temporary registration sticker before he approached the defendant and began to question him. The People argue that since the initial stop was lawful, the ensuing questioning of the defendant was also proper.
A traffic stop must not only be justified at its inception, but also the ensuing seizure “must be reasonably related in scope, including its length, to the circumstances which justified the detention in the first instance”. (People v Banks, 85 NY2d 558, 562, cert denied 516 US 868.) The testimony of P.O Hibbert, adopted by the JHO, that the police are allowed to pull over any car displaying a temporary license is rejected. To hold otherwise would subject law-abiding motorists in full compliance with all applicable laws and regulations to police seizures without any legitimate basis. There is no support in the record for P.O Hibbert’s “reasoning” that most of the time such licenses are “not real” or “bogus”.
Nor is there any support in the record or the law for P.O. Hibbert’s testimony that a temporary license “is not for someone to drive around with” and must be typed. Neither the Vehicle and Traffic Law nor the Commissioner of Motor Vehicles’ regulations (15 NYCRR ch I) place any restrictions on the use of temporary licenses nor do they contain any requirement that they be typed. There is no evidence that the defendant’s temporary license had expired or was in any way not in full compliance with all applicable laws and regulations.
Having seen the temporary license, P.O. Hibbert no longer had any reasonable suspicion that the defendant was violating any law or traffic regulation. There was, therefore, no longer any legal basis to further detain the defendant. (People v Banks, supra; People v Perez, 149 AD2d 344.) The continued detention of the defendant for the purpose of questioning him further concerning the temporary license was not justified and the defendant’s response to such questioning must be suppressed.
The defendant’s oral application to the JHO for a Mapp hearing should have been denied. A JHO may only hear and report on pretrial motions referred by the court. (CPL 255.20 [4].) “[T]he Trial Judge designates in the first instance and holds the tether on the case throughout the completion of the referral.” (People v Scalza, 76 NY2d 604, 609.)
No motion for a Mapp hearing was ever made to or granted by the referring court, let alone referred to the JHO. This court *922 will, therefore, not rule on any issues which are properly the subject of a Mapp hearing.
Accordingly, the defendant’s Huntley I Dunaway motion is granted.