Appeal from an order of Supreme Court, Erie County (Buscaglia, J), entered May 27, 2003, which granted defendant’s motion to suppress evidence and dismissed the indictment.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.
Memorandum: On this appeal pursuant to CPL 450.20, the People contend that Supreme Court erred in determining that the police lacked reasonable suspicion to stop defendant’s vehicle and thus erred in granting defendant’s motion to suppress the evidence obtained subsequent to that stop and in dismissing the indictment. We reject that contention. The lack of a license plate on a vehicle generally will justify a stop of the vehicle for violation of Vehicle and Traffic Law § 402 (see People v Peart, 283 AD2d 14, 15-16 [2001], lv dismissed sub nom. People v Chang, 96 NY2d 939 [2001]; People v Johnson, 178 AD2d 549, 550 [1991], lv denied 79 NY2d 920 [1992]; People v Sherman, 106 AD2d 416, 416-417 [1984]). Here, however, upon stopping defendant’s vehicle, the officer observed that it had a Florida rear license plate and realized that no front plate was required. A mistake of fact, but not a mistake of law, may be used to justify a search and seizure (see People v Gonzalez, 88 NY2d 289, 295 [1996]; Matter of Byer v Jackson, 241 AD2d 943, 944-945 [1997]; People v Roberts, 196 AD2d 665, 666 [1993]; Johnson, 178 AD2d at 550). Because the officer admittedly realized his mistake before approaching defendant (see People v Perez, 149 *966 AD2d 344, 345 [1989]; cf. Johnson, 178 AD2d at 550), the officer’s observations following the unlawful stop were properly suppressed as the unattenuated by-product of the stop (see People v Brooks, 266 AD2d 864 [1999]; People v Nicodemus, 247 AD2d 833, 836 [1998], lv denied 92 NY2d 858 [1998]; see generally People v William II, 98 NY2d 93, 98 [2002]; People v Banks, 85 NY2d 558, 562-563 [1995], cert denied 516 US 868 [1995]). Present—Green, J.P, Wisner, Hurlbutt, Kehoe and Hayes, JJ.