■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MORENO, Appellant. [817 NYS2d 29]—

Judgment, Supreme Court, New York County (Robert H. Straus, J., at hearing; Jeffrey M. Atlas, J., at plea and sentence), rendered August 5, 2004, convicting defendant of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of six years to life and five years, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The police made a lawful suspicionless stop of the livery cab in which defendant was riding, which bore a decal indicating that it was a participant in the New York City Police Department's Taxi Robbery Inspection Program (TRIP). The standard decal invited police safety checks and warned passengers of that circumstance (*see People v Abad*, 98 NY2d 12 [2002]). Although the police may have violated TRIP guidelines when they asked defendant to come out of the cab, there was no connection between that action and the discovery of a pistol, found in plain view in the passenger section of the cab after the driver consented to a search of that area. We reject defendant's argument that his removal from the cab vitiated the constitutional justification under *Abad* for the initial stop. Although the *Abad* court commented favorably on various aspects of the TRIP regulations, one of which being the rule against removing passengers without cause (98 NY2d at 18), there is nothing in *Abad* to suggest that a lawful TRIP stop retroactively loses its lawful character once an officer orders a passenger out of the cab. Moreover, ordering a passenger to come out of a lawfully stopped vehicle is a reasonable precautionary measure (*People v Robinson*, 74 NY2d 773 [1989], *cert denied* 493 US 966 [1989]).

We have considered and rejected defendant's claims concerning his statement. The officer's comment after arresting defendant did not constitute interrogation (*see People v Huffman*, 41 NY2d 29 [1976]), and even if viewed as interrogation, it was justified under the safety exception to the requirement of *Miranda* warnings (*see New York v Quarles*, 467 US 649 [1984]). Concur—Andrias, J.P., Marlow, Sweeny, McGuire and Malone, JJ.