■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
SHAWN JEAN-PIERRE, Respondent. [851 NYS2d 4]—

Order, Supreme Court, New York County (Arlene R. Silver-
man, J.), entered on or about November 14, 2006, which granted
defendant's motion to suppress physical evidence, unanimously
reversed, on the law, the motion denied, and the matter
remanded for further proceedings.

Defendant was driving an automobile with New Jersey license
plates in Manhattan. A police officer observed that defendant's
rear license plate bore a sticker on its upper right corner with
"03" printed on it in large numbers. The officer mistakenly
believed this signified that defendant's out-of-state automobile
registration had expired in 2003 and was thus no longer valid, a
violation of the New York law requiring vehicles owned by a
nonresidents to be validly registered in their home states (Vehi-
cle and Traffic Law § 250 [1]). Accordingly, the officer pulled the
car over, approached, and asked defendant for his driver's
license, proof of insurance and vehicle registration, the latter of
which defendant could not produce. At that time, the officer
observed a bag of marijuana sitting on the car's center console,
and arrested defendant and his passengers.

Under these circumstances, the officer had a reasonable basis
to believe that defendant was committing a traffic infraction
under New York law, and was, therefore, justified in stopping
the vehicle, even though he was mistaken about relevant facts
(*People v Johnson*, 178 AD2d 549 [1991], *lv denied* 79 NY2d 920
[1992]; *United States v Jenkins*, 452 F3d 207 [2d Cir 2006], *cert
denied* 549 US —, 127 S Ct 528 [2006]). "A mistake of fact, but
not a mistake of law, may be used to justify a search and
seizure," (*People v Smith*, 1 AD3d 965, 965 [2003], *appeal
withdrawn* 1 NY3d 634 [2004]). Here, the officer did not make a
mistake of law; on the contrary, he was correct in believing that
it is unlawful in New York to drive a vehicle with an expired
out-of-state registration. Instead, he was mistaken as to the fact
of what the "03" evinced. Thus, items seized from defendant's

vehicle after the initial stop were not the fruit of illegal police conduct. Concur—Tom, J.P., Saxe, Friedman and Williams, JJ.