■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSEI ANOKYE, Appellant. [930 NYS2d 485]—

Having credited the defense testimony to the effect that the taillights on the defendant's vehicle were operating properly at all relevant times, a determination which we find is supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Bennett*, 57 AD3d 912 [2008]), the hearing court erred in further concluding that the arresting officer acted reasonably in stopping the vehicle based on the inoperability of one of its taillights. Under the circumstances presented, the officer could not reasonably have been mistaken as to what she saw, and there was no reasonable basis for her belief that the defendant had committed a traffic infraction (*see People v O'Hare*, 73 AD3d 812 [2010]; *cf. People v Jean-Pierre*, 47 AD3d 445 [2008]; *People v Johnson*, 178 AD2d 549 [1991]). Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence and the plaintiff's statements based on the unlawful

stop of the vehicle should have been granted. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.